22 F.3d 1103
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 In re C.R. BARD, INC. and Surgical Systems & Instruments,
Inc., Petitioners.
 No. 94-1196.
 United States Court of Appeals, Federal Circuit.
 March 4, 1994.
 
 Before MICHEL, Circuit Judge, BENNETT, Senior Circuit Judge, and LOURIE, Circuit Judge.
 ON PETITION FOR WRIT OF MANDAMUS
 MICHEL, Circuit Judge.
 
 ORDER
 
 1
 C.R. Bard, Inc. and Surgical Systems & Instruments, Inc. (collectively "Bard"), having appealed from an order of the United States District Court for the Southern District of California directing them to produce certain documents, move for an order to stay proceedings in the district court. The district court previously denied a motion for a stay. We treat Bard's motion as a petition for writ of mandamus. Interventional Technologies, Inc. (IVT) opposes. We treat the opposition in part as a motion to dismiss the appeal as interlocutory.
 
 BACKGROUND
 
 2
 Bard sued IVT for infringement of the claims of two of its patents relating to atherectomy devices. After a jury verdict, the California district court entered a judgment of infringement against IVT and awarded damages to Bard of $1.1 million. Both parties filed post-judgment motions. Meanwhile, IVT was seeking information from the United States District Court for the District of Massachusetts concerning a criminal grand jury proceeding involving C.R. Bard, Inc. and allegations, inter alia, that some of its employees withheld information from the Food and Drug Administration regarding testing of atherectomy devices. IVT asked the California district court to stay ruling on the post-judgment motions pending disposition of the Massachusetts matter and also sought post-trial discovery including all documents and writings concerning tests and test results of Bard's atherectomy devices. IVT sought the discovery as relevant to the district court's consideration of its motion for a new trial.
 
 
 3
 The California district court granted IVT's motion for post-trial discovery on January 28, 1994. The district court required production of various documents and devices by February 17 and scheduled a hearing on the remaining post-judgment motions for March 14. Bard filed a notice of appeal from the discovery order, later reaffirmed, on February 4, 1994. Bard also moved for a stay in the district court. At a February 22 motions hearing, the district court denied Bard's motion for a stay of proceedings in the district court pending Bard's appeal. The district court stated, "I don't intend that the case be delayed further. I am confirming the [discovery production] orders I previously entered and we are going forward with the hearings now set for March 14th." The district court also stated that "[t]he discovery should be produced forthwith."
 
 DISCUSSION
 
 4
 Bard argues that we should stay the district court proceedings because, if Bard produces the documents ordered, then its appeal of the discovery order will be mooted by its compliance. However, interlocutory discovery orders are generally not immediately appealable. 4 James W. Moore et al., Moore's Federal Practice p 26.83 (2d ed. 1993). See also Quantum Corp. v. Tandon Corp., 940 F.2d 642, 644 n. 2 (Fed.Cir.1991). Such orders may be reviewed when a case is over and properly on appeal. Further, Bard may challenge the earlier discovery order in an appeal from an order finding Bard in contempt of the district court's discovery order. See Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 377 (1981). Bard has not chosen this course.
 
 
 5
 Bard argues that the order is presently appealable either as an order deciding a Fed.R.Civ.P. 27(b) motion or as a collateral order under Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949). Fed.R.Civ.P. 27(b) governs the taking of depositions before an action is commenced in a district court or after it is over in the district court and is on appeal. It does not apply to the type of discovery that was ordered here which is for production of documents, not taking of depositions, and which was not initiated before the action was commenced. Neither does it apply to discovery during an ongoing unfinished trial proceeding before a district court as this case is, because post-trial motions remain pending and no appeal of the trial judgment has been or could be taken. As such, Rule 27(b) is not applicable and the cases cited by Bard pertaining to Rule 27(b) are inapposite.
 
 
 6
 Further, the order is not appealable under the collateral order doctrine. As we noted in Quantum Corp.,
 
 
 7
 Indeed, it is settled that discovery orders issued within the context of a primary proceeding are generally not appealable orders.... In addition to not complying with the third requirement of the Cohen doctrine, such discovery orders may present issues not completely separate from the merits and thus the orders are not truly collateral under the second requirement of the Cohen doctrine.
 
 
 8
 Quantum Corp., 940 F.2d at 644 n. 2 (emphasis added). Here, the discovery order arguably may not be reviewable on appeal after final judgment. However, unarguably, the discovery related issues are integral to the merits of the case, "not completely separate." Therefore, Cohen cannot apply.
 
 
 9
 Because we conclude that this court does not have jurisdiction over Bard's appeal, we treat Bard's motion for a stay as a petition for writ of mandamus to direct the district court to vacate the discovery order of January 28, reaffirmed on February 22, 1994.
 
 
 10
 The remedy of mandamus, however, is available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. In re Calmar, Inc., 854 F.2d 461, 464 (Fed.Cir.1988). A party seeking a writ bears the burden of proving that it has no other means of attaining the relief desired and that the right to issuance of the writ is "clear and indisputable." Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980). "Where a matter is committed to discretion, it cannot be said that a litigant's right to a particular result is 'clear and indisputable.' " Allied Chemical, 449 U.S. at 36 (citation omitted). The conduct of discovery is committed to the discretion of the district court. See Florsheim Shoe Co. v. United States, 744 F.2d 787, 797 (Fed.Cir.1984). Such a discretionary ruling would rarely justify the issuance of a writ. Allied Chemical, 449 U.S. at 36. Nor have exceptional circumstances been shown by Bard.
 
 
 11
 Bard argues that the district court should not have ordered production of documents because IVT is estopped from now asserting the relevancy of the type of documents requested. Bard also argues that the information sought by discovery relates to devices that are not within the ambit of the claimed invention, and, hence, is irrelevant to infringement, validity, or the priority date of the patents. In response, IVT states that it cannot be estopped or deemed to have waived the right to complain. It asserts it was unaware, until the indictment became public, that there was evidence that any of the devices in the grand jury proceedings, some of which it alleges may be relevant to the infringement suit, had a 50 percent failure rate. IVT also responds that the information sought through this discovery may be relevant to its motion for a new trial. IVT argues, inter alia, (1) that Bard did not produce the evidence now requested in response to IVT's earlier discovery requests in these proceedings and therefore defrauded the court and IVT, (2) that evidence concerning the effectiveness of the devices may preclude Bard's entitlement to an earlier filing date, if earlier applications did not enable one of skill in the art to make and use an operational and useful atherectomy system as claimed in the two patents at issue, and (3) that the requested documents are relevant to whether a failure to disclose test data to the Patent and Trademark Office during prosecution of the applications should render the patents unenforceable. With regard to the parties' arguments, the district court noted, "I do think that the defendants are entitled to a reasonable period of time to determine the nature and extent [to] which [the documents] would either support or negate the contentions they have made in the motion for a new trial."
 
 
 12
 The question before us, however, is not how we would have dealt, in the first instance, with IVT's discovery request. Rather, it is whether we should grant the extraordinary remedy of mandamus when the district court has issued a discretionary discovery ruling in the context of an ongoing post-trial proceeding. In this case, the issue involves the relevancy of documents. The issue of relevancy is especially inappropriate for mandamus and is properly left for the district court's discretionary determination in the first instance.
 
 
 13
 Accordingly,
 
 IT IS ORDERED THAT:
 
 14
 (1) IVT's motion to dismiss Bard's appeal is granted.
 
 
 15
 (2) Bard's petition for writ of mandamus is denied.
 
 
 16
 (3) Bard's motion for a stay pending appeal is denied.
 
 
 17
 (4) Bard's motion for an emergency stay is dismissed as moot.