**In re CALMAR, INC., Petitioner.**

**Miscellaneous No. 204.**

United States Court of Appeals, Federal Circuit.

Aug. 9, 1988.

---

Walter Ames, Watson, Cole, Grindle & Watson, Washington, D.C., represented petitioner.

James R. Martin, Gibson, Dunn & Crutcher, Los Angeles, Cal., represented respondent.

## ON PETITION FOR WRIT OF MANDAMUS

Before MARKEY, Chief Judge, NEWMAN and MICHEL, Circuit Judges.

## ORDER

MARKEY, Chief Judge.

Calmar, Inc. (Calmar) petitions for writ of mandamus to direct the United States District Court for the Central District of California to vacate its May 4, 1988 order. Waynesboro Textiles, Inc. (Waynesboro) opposes the petition. Calmar moves for leave to file a reply.

## BACKGROUND

This matter stems from a discussion that took place during a conference with the district court on February 1, 1988:

> Mr. Ames [Counsel for Calmar]: Your Honor, the courts have recognized that— if you will take a look at 28 U.S.C. § 1292(c)—you will find that in a patent case, you can appeal as of right from a holding of liability or no liability from that interlocutory decision without Rule 54(b) language or anything else.

> The Court: Is that right? I didn't know that.

> Mr. Ames: Yes, 28 U.S.C. 1292(c). So it is very common to have a trial on liability and have it go up on appeal, if the party is going to appeal; and then after liability has been determined at the appellate level, come down for a trial on damages.

> Mr. Martin [Counsel for Waynesboro]: That occurs, your Honor, where the damages issues are complex.

> The Court: I didn't realize that there was a right to appeal an interlocutory finding.

> Mr. Ames: Only in a patent case.

On April 6, 1988, the court ordered Mr. Ames to show cause why "he should not be sanctioned for misrepresenting the applicable law to the Court." On May 4, 1988, the district court ordered Mr. Ames "to personally pay sanctions in the amount of $1000.00" and revoked its consent for Mr. Ames to appear pro hac vice on behalf of Calmar, effective immediately. As the basis for this action, the district court stated:

> Contrary to Mr. Ames' assertions, 28 U.S.C. § 1292(c)(2) is silent with respect to the timing of the damage phase of the trial where liability has been found. . . .

While 28 U.S.C. § 1292(c)(2) does not govern the timing of the damage phase of a patent case, Rule 62(a) of the Federal Rules of Civil Procedure is applicable.... Thus, pursuant to Rule 62(a) the damage phase should not be stayed unless the court in its discretion determines a stay to be desirable ...

The Court finds that Mr. Ames' response [to the show cause order] is inadequate. According to his own statement, Mr. Ames is an experienced patent attorney. Therefore the court concludes that Mr. Ames should have had knowledge of the meaning and effect 28 U.S.C. § 1292(c)(2) ... Based on the foregoing, the Court concludes that Mr. Ames intended to, and in fact did, mislead the Court in the applicable law.

May 4, 1988 Order at 2–4.

In his mandamus petition, Mr. Ames maintains that his "statements made in open court were correct." This court ordered Waynesboro to respond.

In its response, Waynesboro says this court lacks jurisdiction over the petition and that a district court has discretion to impose sanctions. On how Mr. Ames misled the court, Waynesboro is silent.*

## JURISDICTION

■ In *In re Innotron Diagnostics,* 800 F.2d 1077, 1082, 231 USPQ 178, 182 (Fed. Cir.1986), this court stated that it had jurisdiction over mandamus petitions "that do implicate, or are intimately bound up with and controlled by, the patent and Tucker Act doctrinal responsibilities of this court (e.g., separate trials of patent issues; refusal to apply 35 U.S.C. § 282; court-ordered tests for utility)." In this case, the sanctioning of counsel stemmed from a controversy about the meaning of 28 U.S.C. § 1292(c) and the timing of the damages portion of a patent trial. Those issues are bound up with and controlled by the doctrinal responsibilities of this court. Accordingly, we have jurisdiction over the petition.

## MERITS OF THE PETITION

It is clear that the district court and Mr. Ames were "speaking past each other," neither understanding the focus of the other's statements. The district court was concerned with the timing of the damages trial; Mr. Ames with the timing of an appeal from a judgment on liability. Both were correct.

■ Mr. Ames made three separate assertions: (1) that 28 U.S.C. § 1292(c) permits an appeal of an interlocutory decision on the liability portion of a patent case where only damages remain to be determined; (2) that certification under Fed.R. Civ.P. 54(b) is not required; and (3) that it is "common to have a trial on liability and have it go up on appeal ... and then after liability has been determined at the appellate level, come down for a trial on damages."

In its sanctioning order, the district court stated that "[c]ontrary to Mr. Ames' assertions, 28 U.S.C. § 1292(c)(2) is silent with respect to the timing of the damage phase of the trial where liability has been found." Because Mr. Ames' assertions said nothing about § 1292(c)(2) governing the "timing of the damages phase," the district court's statement necessarily rests on a misinterpretation of those assertions. The court was apparently under the mistaken impression that a right to appeal is inconsistent with concurrent conduct of a trial on damages, and that Mr. Ames' reference to a right to appeal therefore dealt with timing of the damage phase.

Mr. Ames' statement that it is "common" to delay a trial on damages during the appeal was not an indication that the damages trial must be stayed during the appeal. Indeed, that an action may be "common" implies that it is not universally required. As here applied, the word could only mean that staying of a damages trial is discretionary and not mandatory. Further, the policy underlying § 1292(c)(2) was to allow a district court to stay a damages

---

* Waynesboro's failure to assure the district court of the correctness of Mr. Ames' statement, and its opposition here, all in an apparent effort to profit from a misunderstanding of the district court, is reprehensible.

trial pending appeal. As stated by the Supreme Court, "the object" of the predecessor statute to § 1292(c)(2):

> was to make sure that parties could take appeals in patent equity infringement suits without being compelled to await a final accounting. The reports of Congressional committees on the measure called attention to the large expenses frequently involved in such accountings and the losses incurred where recoveries were ultimately denied by reversal of decrees on the merits.

*McCullough v. Kammerer Corp.*, 331 U.S. 96, 98, 67 S.Ct. 1165, 1167, 91 L.Ed. 1365, 73 USPQ 136, 138 (1947). In footnote 1 at 98, 67 S.Ct. at 1167, 73 USPQ at 138, the Supreme Court elaborated:

> The House Committee on Patents expressed the belief that the legislation "is needed to prevent a great burden of expense of litigants in actions to determine the validity of patents, where an accounting is involved. Under present procedure appeals may be taken from the interlocutory decree upholding the patent but not until a full accounting has been made to the court. Under this bill such appeal can be taken from such interlocutory decree ... so as to obviate the cost of an accounting in the event the case is reversed on appeal." H.R.Rep. No. 1890, 69th Cong., 2 Sess. 1 (1927).

Hence it is clear that the purpose of the legislation, § 1292(c)(2), allowing interlocutory appeals in patent cases was to *permit* a stay of a damages trial. Thus there is no conflict between § 1292(c)(2) and Rule 62(a)'s grant of the discretion to stay or to proceed with the damages trial during the appeal. Indeed, in recognition of the district court's discretion, this court has repeatedly denied, in unpublished opinions, motions to stay damages trials during appeals in patent cases.

Because Mr. Ames' statements were neither incorrect nor misleading, the district court's denial of Calmar's right to its choice of counsel must be vacated. We need not discuss, therefore, Calmar's arguments that statutory authority is lacking and that the basis is not specified, or Calmar's reliance on *In re Coordinated Pretrial Proceedings*, 658 F.2d 1355, 1360–61 (9th Cir.1981).

■ Mandamus may be employed in exceptional circumstances to correct a clear abuse of discretion or usurpation of judicial power by a trial court. *Gulfstream Aerospace Corp. v. Mayacamus Corp.*, ― U.S. ―, 108 S.Ct. 1133, 1143, 99 L.Ed.2d 296 (1988); *Mississippi Chemical Corp. v. Swift Agricultural Chemicals Corp.*, 717 F.2d 1374, 1379 (Fed.Cir.1983). Here, the district court clearly abused its discretion in sanctioning counsel $1000 and in revoking his pro hac vice appearance on the basis of its misunderstanding of Mr. Ames' statements to the court. Those statements were not misleading; indeed, they were correct statements of law. Present here, therefore, are the kind of exceptional circumstances that warrant mandamus.

Accordingly,

IT IS ORDERED THAT:

(1) Calmar's petition for writ of mandamus is granted. The district court is directed to vacate its May 4, 1988 order.

(2) Calmar's motion for leave to file a reply is granted.