925 F.2d 1478
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re James H. TILBERRY, Petitioner.
 Misc. No. 295.
 United States Court of Appeals, Federal Circuit.
 Dec. 12, 1990.
 
 Before NIES, Chief Judge, BENNETT, Senior Circuit Judge, and CLEVENGER, Circuit Judge.
 ORDER
 NIES, Chief Judge.
 
 
 1
 On December 5, 1990, James H. Tilberry petitioned for writ of mandamus to direct the United States District Court for the Northern District of Ohio to recuse herself from the proceedings involving sanctions against attorney Tilberry, to prohibit her from conducting further proceedings, and "to vacate the judgment in the main case and deny the motion for sanctions." On December 6, 1990, Tilberry filed an emergency motion to stop the proceedings scheduled to commence that morning and expected to terminate on December 8, 1990. This court directed any response be filed by noon December 7, 1990. On the afternoon of December 7, 1990, Damper Design, Inc. et al. filed an emergency motion for an extension of time to respond stating that the district court had suspended the hearing until December 13, 1990. The court granted the motion for an extension in part. The district court and Damper Design have each filed responses. Damper Design asks for fees and costs for responding to this petition.
 
 
 2
 Briefly, the underlying patent infringement/trade secret litigation in this matter is over. The present post-judgment proceeding stems from Damper Design's motion for discovery sanctions against Tilberry pursuant to Fed.R.Civ.P. 37. A hearing was scheduled for December 5 on the matter. On December 4, 1990, Tilberry moved the district court to recuse herself for "pervasive bias." On December 5, the district court denied the motion and refused to suspend the proceedings pending review by this court of Tilberry's just-filed petition for writ of mandamus. However, on December 6, the district court suspended proceedings until December 13, 1990.
 
 JURISDICTION
 
 3
 Damper Design questions whether we have jurisdiction over Tilberry's mandamus petition. See In re Innotron Diagnostics, Inc., 800 F.2d 1077 (Fed.Cir.1986). The crux of Damper Design's argument is that this is not a case where "the patent jurisdiction of this court plays a significant role." Innotron, 800 F.2d at 1083-84. However, Damper Design acknowledges, but disagrees on the merits, that one of Tilberry's primary defenses in the sanctions proceeding revolves around the prosecution of a patent. In In re Calmar, Inc., 854 F.2d 461, 463 (Fed.Cir.1988), a mandamus case involving sanctions against an attorney in patent litigation, we noted that "the sanctioning of counsel stemmed from a controversy about the meaning of 28 U.S.C. Sec. 1292(c) and the timing of the damage portion of a patent trial. These issues are bound up with and controlled by the doctrinal responsibilities of this court." Similarly, some of the issues here are bound up with our patent jurisdiction.
 
 Discussion
 
 4
 Mandamus is an extraordinary remedy to be reserved for extraordinary situations in aid of a court's jurisdiction. 28 U.S.C. Sec. 1651. The party seeking issuance of the writ has the burden of showing that its right to the writ is clear and indisputable. Gulfstream Aerospace Corp. v. Mayacamas Corp., 108 S.Ct. 1133, 1143 (1988). Here, Tilberry does not assert that any of the alleged errors and improprieties in this matter will be precluded from review on appeal after a final decision. Tilberry argues that there is a possibility that the financial burden of an appeal will effectively keep him from appealing, stating:
 
 
 5
 [Damper Design's] counsel demanded that this be a final hearing and that [Tilberry] be forced to post a [amount deleted] bond in order to have appellate review. Such a fine would create irreparable consequences and effectively preclude appellate review.
 
 
 6
 However, Tilberry's concern is premature and speculative. The district court has not yet approved or even addressed that demand of opposing counsel. No liability of any kind has been determined. Moreover, the matter of whether a bond is necessary and its effect on Tilberry's ability to appeal should be considered first in the district court. Hence, we do not deem Tilberry's argument that mandamus is necessary in aid of our jurisdiction to be persuasive.
 
 
 7
 We are especially reluctant to review by mandamus where the proceedings that remain are not likely to be long pending. It appears that the hearing on Tilberry's liability is a two day hearing scheduled to restart on December 13. The spectres of prejudice foreseeable by Tilberry, should he have to wait for review until the proceedings are completed, are too vague to compel action at this time.
 
 
 8
 Accordingly, Tilberry not having shown that mandamus is warranted,
 
 IT IS ORDERED THAT:
 
 9
 (1) Tilberry's petition for writ of mandamus is denied.
 
 
 10
 (2) Tilberry's motion for a stay of the district court proceedings is denied.
 
 
 11
 (3) Damper Design's motion for fees and costs is denied.