979 F.2d 216
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Edmund J. WIATR, Jr., Petitioner.
 Misc. No. 327.
 United States Court of Appeals, Federal Circuit.
 Aug. 25, 1992.
 
 Before ARCHER, Circuit Judge, BENNETT, Senior Circuit Judge, and LOURIE, Circuit Judge.
 ON PETITION FOR WRIT OF MANDAMUS
 LOURIE, Circuit Judge.
 
 ORDER
 
 1
 Edmund J. Wiatr, Jr. petitions for a writ of mandamus to direct the Merit Systems Protection Board to consider his motion for reconsideration on the merits. The Board opposes.
 
 
 2
 Wiatr and the Department of the Air Force entered into a settlement agreement that, inter alia, provided Wiatr with reasonable attorney fees. On December 11, 1990, the administrative judge determined that counsel for Wiatr was entitled to $40,398.89 in attorney fees and costs, but that Wiatr was not entitled to reimbursement for additional expenses he personally incurred in the case. In a final decision issued on October 2, 1991, the Board increased the amount to $43,524.39 and reaffirmed that Wiatr was not entitled to reimbursement for expenses he personally incurred.
 
 
 3
 On October 24, 1991, Wiatr requested that the Board on its own motion amend the October 2, 1991 decision to correct an error of multiplication concerning the attorney fees. On November 1, 1991, Wiatr requested that the Board reopen the record and reconsider its October 2, 1991 decision concerning whether Wiatr was entitled to reimbursement for expenses he incurred during the case. In his November 1, 1991 submission, Wiatr provided further argument and a letter from Senator Carl Levin as evidence of Congress' intent to provide for such reimbursement. On November 14, 1991, the Board's clerk's office responded by letter to Wiatr's motions. The letter noted that the calculation error was not "evident" in the Board's final decision and that Wiatr was not claiming that he raised the error in either his petition for review of the initial decision or his counsel's petition for review. The clerk's office explained that the Board's regulations do not provide that a party, other than the Office of Personnel Management (OPM), may request reconsideration and that review was only available in the Federal courts.
 
 
 4
 On November 18, 1991, Wiatr responded to the Board's letter with further argument and another letter from Senator Levin. On December 5, 1991, the Board's clerk's office responded to Wiatr's November 18 submission with another letter essentially repeating its earlier responses. On December 11, 1991, the court received Wiatr's petition for review and a request that the court waive the requirement that Wiatr petition for review within 30 days of the date the Board's decision became final. Wiatr argued that the jurisdictional requirement should be waived because Wiatr had to communicate with Congress to determine Congress' intent in providing reimbursement to petitioners. On December 16, 1991, the court's clerk returned Wiatr's petition as untimely and noted that the court has no authority to waive the 30-day requirement.
 
 
 5
 On December 30, 1991, the court received another petition for review from Wiatr. Wiatr sought review of a December 9, 1991 letter from the Board's clerk's office stating that Wiatr's request that the Board reopen the case was denied. Wiatr argues that the jurisdictional 30-day period should begin to run from the date he received the December 9, 1991 denial and that he could not have filed his petition for review until the Board acted on his motion to reopen and reconsider. The court ordered that Wiatr's petition for review be treated as a petition for writ of mandamus and directed a response from the Board. The Board responded and Wiatr replied.
 
 
 6
 The Board argues that it has no duty to act on Wiatr's motion to reopen and reconsider. The Board further argues that 5 U.S.C. § 7701 provides the Board with the ability to reopen and reconsider a case "on its own motion." See also 5 C.F.R. § 1201.117. According to the Board, only the Director of OPM is permitted to request that the Board reconsider its decision before seeking judicial review. See 5 U.S.C. § 7703(d). The Board also notes that it has exercised authority similar to Fed.R.Civ.P. 60(b) to reopen a case on its own motion following a decision by the court. See, Anderson v. Department of Transportation, 46 M.S.P.R. 341 (1990), aff'd, 949 F.2d 404 (Fed.Cir.1991) (table). Wiatr essentially argues that he is entitled to reimbursement of his expenses.
 
 
 7
 The remedy of mandamus is available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. In re Calmar, Inc., 854 F.2d 461, 464 (Fed.Cir.1988). One seeking a writ bears the burden of proving that he has no other means of attaining the relief desired and that his right to issuance of the writ is "clear and indisputable." Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980).
 
 
 8
 Wiatr offers no support for his arguments that the Board must entertain his motion to reopen and reconsider. The majority of Wiatr's arguments are devoted to why he should be entitled to reimbursement for his personal expenses incurred during the proceedings. Therefore, Wiatr has clearly not carried his burden of showing that his right to issuance of the writ is "clear and indisputable" and has provided no basis for the court to review the issues raised in his petition.
 
 
 9
 Accordingly,
 
 IT IS ORDERED THAT:
 
 10
 Wiatr's petition for a writ of mandamus is denied.