39 F.3d 1195
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
C.R. BARD, INC. and Surgical Systems & Instruments, Inc.,
Plaintiffs-Appellants,
v.
INTERVENTIONAL TECHNOLOGIES, INC., Defendant-Appellee.
In re C.R. BARD, INC. and Surgical Systems & Instruments,
Inc., Petitioners.
 Nos. 94-1395.
 Misc. No. 404.
 United States Court of Appeals, Federal Circuit.
 Sept. 28, 1994.
 
 Before CLEVENGER, Circuit Judge, COWEN, Senior Circuit Judge, and SCHALL, Circuit Judge.
 ON PETITION FOR WRIT OF MANDAMUS
 SCHALL, Circuit Judge.
 
 ORDER
 
 1
 C.R. Bard, Inc. and Surgical Systems & Instruments, Inc. (Bard) petition for a writ of mandamus to direct the United States District Court for the Southern District of California to vacate its order granting a new trial pursuant to Fed.R.Civ.P. 60(b). Bard also appeals from the order in no. 94-1395. Interventional Technologies, Inc. (IVT) opposes the petition for writ of mandamus.
 
 
 2
 In response to our earlier order questioning this court's jurisdiction over 94-1395, IVT responds that the district court's order is not appealable. Bard argues that the order is appealable. Bard moves for leave to file a reply to IVT's response.[1]
 
 BACKGROUND
 
 3
 Bard sued IVT for infringement of the claims of two of its patents relating to atherectomy devices. After a jury verdict, the California district court entered a judgment of infringement against IVT and awarded damages to Bard of $1.1 million. Both parties filed post-judgment motions. Meanwhile, IVT was seeking information from the United States District Court for the District of Massachusetts concerning a criminal grand jury proceeding involving C.R. Bard, Inc. and allegations, inter alia, that some employees withheld information from the Food and Drug Administration regarding testing of atherectomy devices. IVT sought post-trial discovery including all documents and writings concerning tests and test results of Bard's atherectomy devices and related atherectomy devices. IVT sought the discovery as relevant to the district court's consideration of its motion for a new trial.
 
 
 4
 The California district court granted IVT's motion for post-trial discovery on January 28, 1994. Bard appealed and moved for a stay of proceedings in the district court pending appeal. This court dismissed Bard's appeal, treated Bard's motion for a stay as a petition for a writ of mandamus, and denied the petition for a writ of mandamus.
 
 
 5
 Thereafter, the California district court granted IVT's motion for a new trial. The district court stated that "[a]lthough the court acknowledges, as it must, the desirability of preserving the principle of the finality of judgments, this court, after carefully balancing the goal of finality against the goal of hearing cases on their merits concludes that granting a new trial best serves the interests of justice under these circumstances." Specifically, the district court found that the evidence was not provided to IVT prior to trial and that it was relevant concerning (1) the credibility of a witness (the inventor) who testified at the original trial and (2) the determination of enablement and priority dates. The district court granted IVT's motion for a new trial, granting IVT relief from the prior judgment pursuant to Fed.R.Civ.P. 60(b).[2] The district court denied Bard's motion for sanctions and stated that all other motions, including Bard's motion for injunctive relief, were moot.[3] Bard appealed and petitioned for a writ of mandamus.
 
 DISCUSSION
 A. Bard's Appeal
 
 6
 First, we decide whether the order granting a new trial is appealable. Bard argues that the order is appealable as a denial of an injunction. IVT argues that the order is not a final judgment and is not appealable as a denial of an injunction, citing Woodard v. Sage Products, Inc., 818 F.2d 841 (Fed.Cir.1987) (in banc). We agree with IVT that the order is not appealable.
 
 
 7
 "An order granting a new trial is interlocutory in nature and therefore not immediately appealable." Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 34 (1980). Bard argues that, because the district court declared its request for a permanent injunction as "moot", the order is appealable as an order that effectively denied an injunction under 28 U.S.C. Secs. 1292(a)(1), (c)(1).
 
 
 8
 In Woodard, we held that, for an interlocutory order to be appealable as a denial of injunctive relief, the order (1) must "be injunctive in nature," (2) must "cause a serious, if not irreparable, consequence," and (3) "can be effectually challenged only by immediate appeal." Woodard, 818 F.2d at 849. We concluded that an interlocutory order granting summary judgment of noninfringement for one of several defendants was not immediately appealable because the order did not have a serious consequence and was not effectively unreviewable after trial. Woodard, 818 F.2d at 855.
 
 
 9
 Bard argues that the order granting a new trial is injunctive in nature because its request for an injunction was declared "moot." Second, Bard argues that the order will cause a serious consequence because it is suffering from IVT's continued production of devices and because it is unlikely, if damages are later awarded, that IVT will be able to pay a large damages award. Finally, Bard argues that the order can be challenged only by an immediate appeal because, if the district court subsequently enters an injunction or awards damages, IVT will likely go bankrupt and no relief will thus be recovered for the period that injunctive relief was effectively denied.
 
 
 10
 Whether or not the order granting a new trial is injunctive in nature, the order does not cause a "serious, if not irreparable, consequence." In Woodard, as here, the appellant seeks review of an alleged denial of a permanent injunction and did not move for or seek a hearing on preliminary relief. Woodard, 818 F.2d at 851. "Whether permanent injunctive relief is delayed until after the trial, after an appeal, or after a second trial, a permanent injunction is generally still obtainable." Woodard, 818 F.2d at 852 (emphasis added). As we noted, a party's failure to request preliminary injunctive relief is a good indication that no irreparable harm will be suffered pendente lite. Woodard, 818 F.2d at 854.
 
 
 11
 Further, we conclude that the order is not effectively unreviewable after the new trial. In Woodard, we stated that the prospect of a second trial after appeal from a final judgment did not make the order effectively unreviewable after final judgment. Woodard, 818 F.2d at 854-55. We see no relevant distinction between the "prospect of a second trial" in Woodard and the second trial that has been ordered in these proceedings. Thus, Bard's appeal should be dismissed.
 
 B. Bard's Petition for Writ of Mandamus
 
 12
 Second, we decide whether mandamus is appropriate. The remedy of mandamus is available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. In re Calmar, Inc., 854 F.2d 461, 464 (Fed.Cir.1988). A party seeking a writ must show that it has no other means of obtaining the relief sought and that the right to issuance of the writ is "clear and indisputable." Allied Chemical, 449 U.S. at 35. If a matter is committed to a trial court's discretion, "it cannot be said that a litigant's right to a particular result is 'clear and indisputable.' " Allied Chemical, 449 U.S. at 36. In our earlier order, we denied mandamus because the challenged discovery order concerned a matter committed to the discretion of the district court.
 
 
 13
 In Allied Chemical, the Supreme Court reversed the appellate court's grant of mandamus directing that the original verdict be restored. "A trial court's ordering of a new trial rarely, if ever, will justify the issuance of a writ of mandamus." Allied Chemical, 449 U.S. at 36. The Supreme Court noted that the authority to grant a new trial is "confided almost entirely to the exercise of discretion on the part of the trial court." Id. Bard essentially makes the same arguments concerning the relevance and previous availability of certain evidence that it made when we denied its first petition for mandamus. Bard does not show, however, that only mandamus can be used to review the district court's order. Furthermore, Bard's desire to avoid what it considers to be unnecessary and improper additional trial proceedings does not justify issuance of a writ. See, e.g., United States v. Watson, 603 F.2d 192, 196-97 (CCPA 1979) (petitioner did not establish lack of alternative means to obtain relief from the action; that the petitioner "may suffer hardship, inconvenience, or an unusually complex trial" does not provide a basis for the court exercising its discretion to grant mandamus). See also Federal Trade Comm'n v. Standard Oil Co. of California, 449 U.S. 232, 244 (1980) (expenses and burdens of defending action does not constitute irreparable harm such that action taken by administrative agency could be reviewable before the conclusion of the administrative adjudication); Communication Workers of America, AFL-CIO v. American Telephone Co., 932 F.2d 199, 213 (3rd Cir.1991) (a party having to arbitrate before taking an appeal does not mean that the party does not have adequate relief). If adversely affected, Bard may argue that the new trial was improper on appeal after final judgment.
 
 
 14
 Bard cites In re United States, 565 F.2d 173 (10th Cir.1977), for the proposition that mandamus is appropriate to overturn a district court's grant of new trial based on new evidence if the evidence was not newly discovered and material and if due diligence would have produced the evidence earlier. However, Bard overlooks the primary reason why mandamus was granted in that case: the United States could not later seek review of the grant of a new trial if the defendant were later acquitted because the United States had no right to appeal. In re United States, 565 F.2d at 178. Here, Bard has not shown that it has no right to appeal after a final judgment. Thus, In re United States is not relevant or persuasive. We conclude that Bard has not shown that it cannot obtain review of the district court's order after a final judgment and, thus, that it has an alternative means of obtaining review.
 
 
 15
 Accordingly,
 
 IT IS ORDERED THAT:
 
 16
 (1) Bard's appeal, 94-1395, is dismissed.
 
 
 17
 (2) Bard's petition for a writ of mandamus is denied.
 
 
 18
 (3) Bard's motion for leave to file a reply is denied.
 
 
 19
 (4) Each side shall bear its own costs.
 
 
 
 [1]
 Bard did not attach a reply to its motion. In any event, Bard was given the opportunity to present its arguments concerning this court's jurisdiction and did so in the response ordered by the court
 
 
 [2]
 The district court granted relief from the judgment, and a new trial, based upon three different subsections of Rule 60(b). The district court found that relief was appropriate under Rule 60(b)(2) based upon "newly discovered evidence" such that the outcome of the case was likely to change, under Rule 60(b)(3) based upon Bard's failure to disclose the evidence earlier, and apparently under Rule 60(b)(6) ("any other reason justifying relief from the operation of the judgment")
 
 
 [3]
 The district court may have previously denied Bard's request for injunctive relief on November 22, 1993. Because the district court's disposition does not affect our decision here, we do not reach the issue