50 F.3d 20
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re HEWLETT-PACKARD COMPANY, Petitioner.
 Misc. No. 424.
 United States Court of Appeals, Federal Circuit.
 Feb. 28, 1995.
 
 Fed.Cl.
 PETITION DENIED.
 Before MICHEL, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and SCHALL, Circuit Judge.
 ON PETITION FOR WRIT OF MANDAMUS
 ORDER
 MICHEL, Circuit Judge.
 
 
 1
 Hewlett-Packard Company (HP) petitions for a writ of mandamus to direct the Court of Federal Claims to rule on its motion for sanctions before the other parties settle the underlying dispute. The United States opposes. Herbert Judin opposes. Judin moves for leave to file a reply to the United States' response, with reply attached.
 
 BACKGROUND
 
 2
 Briefly, Judin sued the United States for damages based on patent infringement in the United States Court of Federal Claims. HP and others were third party defendants pursuant to RCFC 14(a)(1). HP and other third parties were eventually dismissed after the trial court determined that they manufactured no products that infringed Judin's patent. The Court of Federal Claims declined to decide HP's motions for summary judgment concerning invalidity and unenforceability of Judin's patent. On May 12, 1993, the trial court entered judgment pursuant to RCFC 54(b) dismissing various third party defendants.
 
 
 3
 On July 14, 1993, HP moved for sanctions on the ground that Judin and his counsel violated RCFC 11 by knowingly filing a complaint for damages for patent infringement based upon an invalid and unenforceable patent and based upon a failure to properly investigate whether HP's devices infringed the patent. In an order dated July 20, 1993, the Court of Federal Claims stayed consideration of HP's motion for sanctions "pending resolution of the remaining issues as between the plaintiff and the government."
 
 
 4
 On May 20, 1994, HP moved for prompt consideration of its motion for sanctions. The Court of Federal Claims denied HP's motion to renew on July 18, 1994. The trial court rejected HP's argument that the trial would lose jurisdiction to decide HP's sanctions motion if the remaining parties settled the dispute.[1] The trial court also rejected Judin's argument that the motion for sanctions was untimely. Finally, the trial court stated that prompt consideration of the motion for sanctions was inappropriate because "[e]valuating that ground [invalidity] for the sanction request would necessarily involve the court in litigating the merits of the complaint, the very dispute that a settlement would eliminate as between the remaining parties. In view of the general desirability of settlement, the court declines to force the parties to litigate the merits of the complaint in the context of third party's sanction request because doing so may jeopardize voluntary resolution." HP petitioned for a writ of mandamus to direct the Court of Federal Claims to consider its motion for sanctions before Judin and the United States settle the patent infringement damages dispute.
 
 DISCUSSION
 
 5
 The remedy of mandamus is available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. In re Calmar, Inc., 854 F.2d 461, 464 (Fed.Cir.1988). A party seeking a writ bears the burden of proving that it has no other means of attaining the relief desired and that the right to issuance of the writ is "clear and indisputable." Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980).
 
 
 6
 HP argues that it has no other means of attaining the relief desired because, as a third party, it will not have standing to appeal any denial of its sanctions request if Judin and the United States settle the underlying case. We disagree. Contrary to HP's argument, our recent decision in Penda Corp. v. United States, No. 94-5035 (Fed.Cir. Dec. 22, 1994) does not stand for the broad proposition that a third party can never appeal any judgment or order from the Court of Federal Claims if neither the plaintiff nor the United States appeals. Instead, our decision in Penda stated that the United States' indemnitee, a third party defendant, could not appeal from a judgment that was entered against the United States because: (1) the indemnitee "does not have standing to appeal based solely on its status as a third-party defendant at trial," Penda, slip op. at 10; (2) the indemnitee was not aggrieved by the judgment entered against the United States, Penda, slip op. at 14; and (3) the Court of Federal Claims' judgment would not support the application of issue preclusion against the indemnitee, Penda, slip op. at 15.
 
 
 7
 In contrast, when the Court of Federal Claims grants or denies HP's motion for sanctions, HP may be aggrieved, unlike the third party defendant in Penda. HP has failed to show that it could not appeal from the Court of Federal Claims' ruling on its motion for sanctions, whenever decided, and thus HP has failed to show that it has no other means of attaining the relief requested by mandamus. To the extent that HP is asking this court to direct the Court of Federal Claims to decide the validity and unenforceability issues, we decline to do so. If appropriate, HP may raise that issue in an appeal.[2]
 
 
 8
 HP also has not convinced us that the Court of Federal Claims will "lose power to deal properly with HP's motion for sanctions upon the entry of the settlement between the plaintiff and the government." Cf. Willy v. Coastal Corp., 503 U.S. 131 (1992) (because an imposition of Fed.R.Civ.P. 11 sanctions concerns a party's violation of the court's rules and does not entail a judgment on the merits, a court may rule on a sanctions motion even though it has determined that it was without subject matter jurisdiction).
 
 
 9
 In sum, HP has not shown that it cannot later appeal from an order or judgment concerning HP's motion for sanctions if HP is aggrieved by such a ruling. Thus, HP has an alternative means of achieving review of the issues it raises and mandamus relief is inappropriate. See Mallard v. U.S. Dist. Court for Southern Dist. of Iowa, 490 U.S. 296, 309 (1989) ("petitioners must show that they lack adequate alternative means to obtain the relief they seek").
 
 
 10
 Accordingly,
 
 IT IS ORDERED THAT:
 
 11
 (1) HP's petition for writ of mandamus is denied.
 
 
 12
 (2) Judin's motion for leave to file a reply is granted.
 
 
 
 [1]
 Apparently, Judin and the United States anticipate settling the remaining claims soon
 
 
 [2]
 Similarly, Judin's arguments that HP had no standing to seek sanctions at the Court of Federal Claims and that HP's motion was untimely may be presented during appeal, if appropriate