ON PETITION FOR WRIT OF MANDAMUS

ORDER

PAULINE NEWMAN, Circuit Judge.
Frederick H. Dambach petitions for a writ of mandamus to direct the Court of Appeals for Veterans Claims to decide certain pending motions in his favor.
On September 8, 2000, this court reversed the judgment of the Court of Appeals for Veterans Claims. That court had held that 38 U.S.C. § 1154(b), requiring the Department of Veterans Affairs to accept satisfactory lay or other evidence as sufficient proof of service connection, was inapplicable to Dambach’s case. This court reversed and remanded with the statement that “we believe it is time for this case to be concluded.” This court’s mandate was received by the Court of Appeals for Veterans Claims on November 28, 2000.
On November 30, 2000, Dambach filed a motion to immediately award benefits. The Court of Appeals for Veterans Claims issued an order staying proceedings to attempt to obtain counsel for Dambach. On January 5, 2001, Dambach filed a motion for summary judgment. On January 30, 2001, after no representative entered an appearance on behalf of Dambach, the Court of Appeals for Veterans Claims ordered that the case was submitted to a panel for decision.
The remedy of mandamus is available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. In re Cal-mar, Inc., 854 F.2d 461, 464 (Fed. Cir. 1988). A party seeking a writ bears the burden of proving that it has no other means of attaining the relief desired, Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa, 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989), and that the right to issuance of the writ is “clear and indisputable,” Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980).
Dambach argues that the Court of Appeals for Veterans Claims has failed to *888 conclude this case as suggested by this court’s opinion and that his motions should be granted. However, Dambach has not shown at this point that the Court of Appeals for Veterans Claims is not proceeding expeditiously or in an appropriate manner.
Accordingly,
IT IS ORDERED THAT:
Dambach’s petition for a writ of mandamus is denied.