**In re VISX, INCORPORATED,**
Petitioner.

No. 672.

United States Court of Appeals,
Federal Circuit.

DECIDED: July 31, 2001.

Before SCHALL, BRYSON, and GAJARSA, Circuit Judges.

## ON PETITION FOR WRIT
## OF MANDAMUS

BRYSON, Circuit Judge.

### ORDER

VISX, Incorporated petitions for a writ of mandamus to direct the United States District Court for the Northern District of California to vacate its order compelling the discovery of certain privileged communications. Nidek Co. Ltd. and Nidek Inc. (Nidek) oppose. VISX moves for leave to file a reply, with reply attached. Nidek opposes VISX's motion for leave to file a reply.

### BACKGROUND

VISX sued Nidek for infringement of two of its patents related to a laser eye surgery method. The two patents stem from a 1992 United States patent application that identified Dr. Stephen Trokel as the inventor. After the application was filed, Dr. Trokel and two co-authors published an article in the American Journal of Ophthamology concerning "Excimer Laser Surgery of the Cornea" (the "AJO article").

While prosecuting the United States patent application, VISX was also responding to opposition proceedings in the European Patent Office (EPO) related to patent applications that identified Dr. Francis L'Esperance as the inventor. The opposition proceedings concerned, inter alia, whether the EPO applications were anticipated by the work of Trokel. VISX's British patent agent argued that the AJO article and the United States patent application were not enabling disclosures, i.e., they did not suggest the ablation of corneal tissue over the optically active area of the cornea to effect a curvature correction.

Meanwhile, during prosecution of the U.S. patent application, the patent examiner rejected claims because the application did not provide an enabling teaching of the ablation technique. VISX argued in the PTO that the application did contain an enabling technique, and the examiner withdrew the nonenablement rejection. Thereafter, VISX disclosed to the PTO the submissions of the British patent agent before the EPO that had asserted there were no enabling disclosures. VISX explained to the PTO in its 1996 Information Disclosure Statement (IDS):

> The above-identified references are papers filed in the European Patent Office by a British chartered patent agent who represented the assignee of this application in connection with the prosecution of applications that are also assigned to the assignee of this application. Those papers assert that the Trokel application does not clearly and unambiguously suggest the ablation of corneal tissue over the optically active area of the cornea to effect a curvature change. *However, those assertions* are incorrect, at least under United States law, and *were not made at the direction or suggestion of anyone at the assignee of this application. Moreover, no one at the assignee conveyed any information to that effect to the British chartered patent agent.* Furthermore, those assertions relate to the standards for disclosure in the European Patent Office, not the standards for disclosure in the United States Patent and Trademark Office. [Footnotes omitted]. [Emphasis added].

Nidek suggests that VISX made the statements emphasized above to the PTO because VISX wanted to avoid the patent agent's arguments in the EPO proceeding being considered as admissions that could be used against VISX in the PTO proceedings. The examiner stated that the IDS had been considered and noted that the claims were enabled for certain purposes.

During a Fed.R.Civ.P. 30(b)(6) deposition in this case, VISX's designee stated that before filing the document in the PTO concerning the statements of the British patent agent, VISX had searched for but could not find any documents or evidence of any oral communication in which the British patent agent and someone from VISX either directed or suggested that the assertion should be made. Nidek argued to the district court (1) that the statement to the PTO discounting the British patent agent's statements waived the attorney-client privilege "that might apply to documents or other information VISX considered and/or used to form the basis for VISX's factual representation to the USPTO, as well as any other documents that support or negate its assertion," and (2) that by testifying in the Rule 30(b)(6) deposition that it "had a good faith belief that the representations to the PTO were true and that VISX's good faith belief was based on the documents VISX is now withholding as privileged," VISX waived the privilege with regard to the subject communications.

The district court held that the filing of the IDS constituted a waiver of the privilege. The district court then ordered VISX to produce for inspection by Nidek any correspondence between VISX and the British patent agent respecting his authority to take positions on behalf of VISX, any correspondence between VISX and the British patent agent concerning "the ablation of tissue over the optically active area of the cornea to effect a curvature reduction," and "whatever documents VISX reviewed upon which it based its representations to" the PTO. The district court stated that Nidek could not copy the documents and must return the documents to VISX after review. The district court stated that if Nidek found relevant documents, i.e., documents that did respect a communication concerning the matter denied by

VISX, Nidek would have to return to court to make "special rules for that document."

VISX petitions this court for a writ of mandamus to direct the district court to vacate its order. VISX argues (1) that the district court's finding of waiver was clear error; and (2) the scope of the waiver was insupportably broad.

In response, Nidek argues (1) that VISX relied on privileged information, thereby waiving the privilege, (2) that VISX placed the communications "at issue" during district court proceedings by stating that the communications had been reviewed and by stating what the documents did not include, and (3) that the scope of the documents ordered to be produced complies with case law concerning waiver of the attorney-client privilege.

## DISCUSSION

■■■■■ Although mandamus is normally available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power, *see In re Calmar, Inc.,* 854 F.2d 461, 464 (Fed.Cir. 1988), we have recognized that the writ of mandamus may be used "to prevent the wrongful exposure of privileged communications." *In re Regents of Univ. of Calif.,* 101 F.3d 1386, 1387 (Fed.Cir.1996). We apply regional circuit law to the issue of waiver of the attorney-client privilege. *See In re Pioneer Hi–Bred Int'l, Inc.,* 238 F.3d 1370, 1374 (Fed.Cir.2001). The Court of Appeals for the Ninth Circuit applies a de novo standard of review to determinations regarding waiver of the privilege. *United States v. Mendelsohn,* 896 F.2d 1183, 1188 (9th Cir.1990); *United States v. Zolin,* 809 F.2d 1411, 1415 (9th Cir.1987). The privilege holder, here VISX, has the burden of convincing the district court that it has not waived the privilege. *Weil v. Investment/Indicators, Research and*

*Management, Inc.*, 647 F.2d 18, 25 (9th Cir.1981).

■ We agree with Nidek that the district court did not err in finding that VISX waived its attorney-client privilege by filing the IDS with the PTO. By stating that no one at VISX had directed the British patent agent to make the particular statement to the EPO, VISX made representations about the contents of communications and sought to use those representations to its benefit. By making what amounted to a limited disclosure of the contents of attorney-client communications for strategic purposes, VISX waived its privilege concerning communications with the British patent agent on the same subject matter. *See, e.g., United States v. Jacobs*, 117 F.3d 82, 89 (2d Cir.1997) (party publicly disclosed a summary of communications from attorney, thereby waiving privilege as to all communications on the same subject matter); *United States v. Mendelsohn*, 896 F.2d 1183, 1188–89 (9th Cir.1990) (defendant's statement to police concerning attorney's advice, even if inaccurate, waived privilege concerning what the attorney told him regarding that issue); *Weil v. Investment/Indicators, Research and Management, Inc.*, 647 F.2d 18, 24–25 (9th Cir. 1981) (party expressly disclosed counsel's advice and thereby waived the privilege regarding counsel's advice on that issue).

As to the scope of the required production, the assertion made by VISX was very broad—that at no point in its dealings with the British patent agent had it ever authorized the agent to make the subject representation to the EPO. In fashioning a disclosure order concomitant with the breadth of that assertion, it was appropriate for the district court to order disclosure not only of particular correspondence relating to the agent's authority and correspondence with the agent on the subject matter of the EPO statement, but also

other documents on which VISX based its assertion that the agent was not given the authority to make that statement. Absent such a disclosure, VISX would be asking Nidek, in effect, to take VISX at its word that nowhere in the materials VISX reviewed preparatory to making the statement to the PTO was there any authorization for the patent agent to make the subject statement to the EPO. Having used otherwise privileged communications to support an assertion that worked to its advantage, VISX cannot now expect Nidek to attempt to respond to that assertion without access to all the facts that pertain to the accuracy of VISX's claim. The scope of the district court's disclosure order was not unduly broad.

Accordingly,

IT IS ORDERED THAT:

(1) VISX's petition for a writ of mandamus is denied.

(2) VISX's motion for leave to file a reply is granted.