**TATE ACCESS FLOORS, INC. and TATE ACCESS FLOORS LEAS-ING, INC., Plaintiffs–Appellees,**

v.

**INTERFACE ARCHITECTURAL RESOURCES, INC., Defendant–Appellant.**

No. 02–1288.

United States Court of Appeals, Federal Circuit.

April 24, 2002.

Before LOURIE, LINN, and DYK, Circuit Judges.

LINN, Circuit Judge.

ORDER

Interface Architectural Resources, Inc. submits a motion, which we treat as a petition for a writ of mandamus, to direct the United States District Court for the District of Maryland to stay the damages trial in this case pending disposition of this appeal. Tate Access Floors, Inc. and Tate Access Floors Leasing, Inc. oppose and move to stay the appeal proceedings pending disposition of the accounting phase. Interface replies and opposes Tate's motion to stay the appeal. Tate replies.

Interface appealed the district court's determination, on summary judgment, that it infringes Tate's patent and that Tate's patent is not invalid. 28 U.S.C. § 1292(c)(2) (a party may appeal a judgment in a patent infringement action that is "final except for an accounting"). Trial concerning damages is scheduled to begin on June 3, 2002. Interface asked the district court to stay the damages trial pending disposition of this appeal. The district court denied that request on March 6, 2002.

Interface moves for a stay of the damages trial. Because that motion is not related to the judgment that Interface has appealed, but instead relates to proceedings outside of this appeal, we treat the motion as a petition for a writ of mandamus.

Both parties refer us to our decision in *In re Calmar*, 854 F.2d 461 (Fed.Cir.1988). In *Calmar*, this court considered a petition for a writ of mandamus that involved, inter alia, whether a district court could or should stay a damages trial during the pendency of an appeal of a judgment of infringement that was final except for an accounting. We stated:

> Hence it is clear that the purpose of the legislation, [28 U.S.C.] § 1292(c)(2), allowing interlocutory appeals in patent cases, was to *permit* a stay of a damages trial. Thus there is no conflict between § 1292(c)(2) and [Fed.R.Civ.P.] 62(a)'s grant of the discretion to stay or proceed with the damages trial during appeal. Indeed, in recognition of the district court's discretion, this court has repeatedly denied, in unpublished opinions, motions to stay damages trials during appeals in patent cases. [Emphasis in original.]

*Calmar*, 854 F.2d at 464. Here, we do not find an abuse of discretion by the district court in the circumstances of this case. Similarly, Tate has not shown why the appeal should be stayed, over Interface's objection, which would render almost

meaningless Interface's right to appeal a case that is final except for an accounting.

Accordingly,

IT IS ORDERED THAT:

(1) Interface's petition for a writ of mandamus is denied.

(2) Tate's motion to stay the appeal is denied.

ORDERED that the petition for review be, and the same hereby is, DISMISSED, for failure to prosecute in accordance with the rules.