**In re Domenic L. AMATO, Petitioner.**

**Misc. No. 824.**

United States Court of Appeals, Federal Circuit.

Sept. 20, 2006.

On Petition for Writ of Mandamus.

Domenic L. Amato, pro se.

Before LOURIE, Circuit Judge, CLEVENGER, Senior Circuit Judge, and BRYSON, Circuit Judge.

*ORDER*

PER CURIAM.

Domenic L. Amato petitions for a writ of mandamus directing the administrative

judge (AJ) presiding over his cases in the Merit Systems Protection Board, *Amato v. Army*, No. DC–0752–06–0224–I–1 and *Amato v. Army*, No. DC–0353–06–0333–I–1, to recuse himself.

The remedy of mandamus is available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. *In re Calmar, Inc.*, 854 F.2d 461, 464 (Fed.Cir.1988). A party seeking a writ bears the burden of proving that it has no other means of attaining the relief desired, *Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa*, 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989), and that the right to issuance of the writ is "clear and indisputable," *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980).

■ Amato argues that the AJ should recuse himself because he has denied, failed to rule on, or delayed ruling on several of Amato's various motions. Amato further contends that the AJ engaged in an improper ex parte communication with counsel for the Department of the Army. Amato argues that the AJ has "shown a history of a pattern and practice of arbitrary, capricious, and biased conduct and determinations in favor of the agency and to the petitioner's detriment" and that "a reasonable person ... would seriously doubt the judge's impartiality."

■ Virtually all of the conduct Amato complains of relates to adverse judicial rulings, which rarely provide a basis for recusal. *See Liteky v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion"). With respect to the alleged ex parte communication, it appears that Amato refers only to a May 8, 2006 facsimile transmittal from the AJ to counsel for the Army noting that the Army's counsel was not available for a conference and requesting that she call the AJ. We determine that Amato has not met the high burden of demonstrating that his right to a writ of mandamus is clear and indisputable.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.