NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**FURMINATOR, INC. (FORMERLY KNOWN AS FM ACQUISITION CORP.),**
*Plaintiff-Appellee,*

v.

**KIM LAUBE & CO., INC.,**
*Defendant-Appellant.*

---

2011-1197

---

Appeal from the United States District Court for the Eastern District of Missouri in case no. 08-CV-0367, Judge E. Richard Webber.

---

## ON MOTION

---

Before PROST, MAYER, and MOORE, *Circuit Judges.*

MOORE, *Circuit Judge.*

### ORDER

Kim Laube & Co., Inc. submits a motion, which we treat as a petition for a writ of mandamus within the context of this appeal, to stay a trial on damages in the

United States District Court for the Eastern District of Missouri pending disposition of this appeal.

Kim Laube & Co., Inc. filed this appeal seeking review of the district court's summary judgment of infringement against it and the sanctions imposed on Kim Laube & Co., Inc. striking testimony and evidence. After entering an order disposing of infringement, validity, and other issues, the district court entered a subsequent order to schedule a hearing on damages and injunctive relief. The district court denied Kim Laube & Co., Inc.'s motion to stay the hearing pending appeal.

In its motion to this court, Kim Laube & Co., Inc. asks us to vacate the district court's order setting a hearing on damages, arguing that its notice of appeal divested the district court of jurisdiction. We note that 28 U.S.C. § 1292(c)(2) gives this court jurisdiction to consider interlocutory appeals from judgments in civil actions for patent infringement "which would otherwise be appealable" and are "final except for an accounting." But § 1292(c)(2) does not divest the district court of jurisdiction to proceed with a damages trial. As we explained in *In re Calmar*, 854 F.2d 461, 464 (Fed. Cir. 1988):

> Hence it is clear that the purpose of the legislation, § 1292(c)(2), allowing interlocutory appeals in patent cases was to *permit* a stay of a damages trial. Thus there is no conflict between § 1292(c)(2) and [Fed. R. Civ. P.] 62(a)'s grant of the discretion to stay or to proceed with the damages trial during the appeal. Indeed, in recognition of the district court's discretion, this court has repeatedly denied, in unpublished opinions, motions to stay damages trials during appeals in patent cases. [Emphasis in original.]

Here, we do not find an abuse of discretion by the district court in the circumstances of this case.

Accordingly,

IT IS ORDERED THAT:

The petition for a writ of mandamus is denied.

FOR THE COURT

__MAR 0 4 2011__                    /s/ Jan Horbaly
Date                                Jan Horbaly
                                    Clerk

cc: Alan H. Norman, Esq.
    Kent A. Rowald, Esq.

s23

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

MAR 0 4 2011

JAN HORBALY
CLERK