NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE CISCO SYSTEMS, INC.,**
*Petitioner.*

---

Miscellaneous Docket No. 975

---

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas in case no. 07-CV-341, Magistrate Judge Charles Everingham, IV.

---

## ON PETITION

---

Before RADER, *Chief Judge,* NEWMAN and BRYSON, *Circuit Judges.*

BRYSON, *Circuit Judge.*

## O R D E R

Cisco Systems, Inc. petitions for a writ of mandamus to direct the United States District Court for the Eastern District of Texas to vacate its order granting Commil USA, LLC a new trial on issues of indirect infringement and damages. Alternatively, Cisco moves to direct the trial court not to instruct the new jury that Cisco has

been found to infringe Commil's patent or otherwise reference the prior trial. Cisco also moves to stay proceedings in the trial court pending our disposition of its petition.

The jury determined that Commil's patent was valid, that Cisco directly infringed the patent, and that Cisco did not induce others to infringe. The jury awarded damages based on those determinations. After the trial, the district court granted Commil a partial new trial on the issues of inducement and damages because of statements made by Cisco's counsel in the presence of the jury.

Cisco's petition urges that we grant the requested relief on the grounds that a new trial was not warranted and a partial trial of inducement is improper without retrying the issues of direct infringement and patent validity. The writ of mandamus is available in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. *In re Calmar, Inc.*, 854 F.2d 461, 464 (Fed. Cir. 1998). A party seeking a writ bears the burden of proving that it has no other means of obtaining the relief desired, *Mallard v. United States Dist. Court for Southern Dist. of Iowa*, 490 U.S. 296, 309 (1989), and that the right to issuance of the writ is "clear and indisputable," *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980).

In the papers submitted, Cisco has not shown why it cannot raise any challenge to the district court's determinations on appeal from a final judgment. Although Cisco argues that the trial court's order "will impose on Cisco the monumental time and expense of an unnecessary retrial," that is generally insufficient to warrant mandamus relief. *See Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 383 (1953) ("[I]t is established that the extraordinary writs cannot be used as substitutes for appeals . . .

even though hardship may result from delay and perhaps unnecessary trial"). Because Cisco has failed to meet its burden of establishing the extraordinary circumstances necessary to grant mandamus relief, we deny the petition.

Accordingly,

IT IS ORDERED THAT:

(1) The petition for a writ of mandamus is denied.

(2) The motion for a stay is moot.

FOR THE COURT

MAR 0 4 2011
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

cc:  Henry B. Gutman, Esq.
     Richard A. Sayles, Esq.
     Clerk, United States District Court For The Eastern District Of Texas, Marshall Division

s19

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

MAR 0 4 2011

JAN HORBALY
CLERK