NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE VARIAN MEDICAL SYSTEMS, INC.,**
*Petitioner.*

---

Miscellaneous Docket No. 113

---

On petition for writ of mandamus to the United States District Court for the Western District of Pennsylvania in case no. 2:08-CV-01307, Judge Arthur J. Schwab.

ON PETITION

---

Before LOURIE, PROST, and MOORE, *Circuit Judges.*

MOORE, *Circuit Judge.*

## ORDER

Varian Medical Systems, Inc. (Varian) petitions for a writ of mandamus to direct the United States District Court for the Western District of Pennsylvania to conduct a jury trial on issues of invalidity prior to, or in conjunction with, a trial on willfulness. Varian also moves to stay the jury trial on willfulness scheduled to commence on January 23, 2012. The University of Pittsburgh of the Commonwealth System of Higher Education filed a response and Varian subsequently filed a reply.

The University of Pittsburgh of the Commonwealth System of Higher Education sued Varian for infringement of claims of U.S. patent no. 5,727,554 ('554 patent) related to a respiratory gating system. On December 21, 2011, the district court granted partial summary judgment of infringement and denied a motion for summary judgment of invalidity on the issue of enablement. On the same day, the district court issued a pretrial order that scheduled a jury trial on willfulness to be held on January 23, 2012. That order stated, inter alia, that the parties "will not be permitted to 'backdoor' other issues into this trial."

Varian moved for reconsideration of the pretrial order. On December 27, 2011, the district court denied Varian's motion for reconsideration in part, expressly noting that Varian "is not entitled to present at trial on the issue of willfulness any evidence relevant to the defense of Plaintiff's charge that Varian willfully infringed the '554 patent, including evidence related to the noninfringement and invalidity positions." The district court also stated that "[t]he trial will focus on the narrow issue of willfullness [sic] as set forth in Defendant's Motion for Partial Summary Judgment."

Subsequent to this order, the parties submitted issues to the court for the willfulness trial. The plaintiff proposed the following three issues:

> 1. Whether reliance on Varian's invalidity defenses . . . is objectively unreasonable;
>
> 2. Whether the objectively defined risk of infringing the '554 patent was either known or so obvious that is should have been known to Varian at the time it was infringing a valid patent;
>
> 3. If that answer to the second question is yes, whether there was a later time period during which the objectively-defined risk of

> infringing . . . was no longer known or so obvious . . . .

A. 206. The district court adopted all of these issues for trial.

At a January 13, 2012 hearing, at the plaintiff's suggestion, the district court offered Varian the option to also try invalidity at the January 23 trial. Varian responded that "[t]here would be no way to do it." The district court thus denied the plaintiff's request to try invalidity.

The remedy of mandamus is available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. *In re Calmar, Inc.*, 854 F.2d 461, 464 (Fed. Cir. 1988). A simple decision to have a trial on a single issue cannot meet this exacting standard. Varian makes much of the district court's December 23, 2011 statement that, at its willfulness trial, Varian could not present "any evidence relevant to the defense of Plaintiff's charge that Varian willfully infringed." A. 283. Had this been the only guidance from the district court, we may agree that mandamus is appropriate. But the district court corrected any error by adopting the plaintiff's proposed issues for trial, which clearly allow Varian to present arguments on invalidity and noninfringement as they relate to willfulness. A. 206. If there were any doubt, the district court clarified the scope of the trial in a pretrial conference on January 13, 2012:

> MR ANTHONY: Thank you, Your Honor . . . . We're not trying invalidity. Perhaps we need a sidebar but I presume invalidity is totally out of this part of the case.

> THE COURT: No. We're doing as to whether the invalidity defenses were objectively unreasonable. That is what my order of court says.

Obviously, in order to determine whether a defense was reasonable, the jury must consider the substance of that defense. The jury should not decide the ultimate issue but Varian should be allowed to present all invalidity issues that are not presently adjudicated that are relevant to determining the objective reasonableness of its willfulness argument.

This is not mandamus-worthy. The main thrust of Varian's argument is that the district court is denying it a jury trial on invalidity. There is no indication that the district court will refuse to have a later trial on invalidity. In fact, the district court offered a trial on invalidity and Varian refused, citing lack of preparation time. Without a denial of a jury trial on these issues, the case law cited by Varian is inapposite.

The choice to delay the invalidity trial is left to the sound discretion of the district court—the court with in-depth knowledge of the case and its issues. Its decision to proceed in this manner does not amount to an "extraordinary situation" that would justify mandamus. *In re Calmar, Inc.*, 854 F.2d at 464. Further, Varian's concerns regarding claim and issue preclusion are purely speculative and do not require us to step in and dictate the district court's management of its own docket.

Accordingly,

IT IS ORDERED THAT:

(1) The petition is denied.

(2) The motion to stay is denied.

FOR THE COURT

**JAN 2 0 2012**            /s/ Jan Horbaly
_____            _____
Date                       Jan Horbaly
                            Clerk

cc: Mark S. Davies, Esq.
     R. Ted Cruz, Esq.

s8

**FILED**
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

JAN 2 0 2012

JAN HORBALY
CLERK