NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re:  REBECCA GALLOGLY,**
*Petitioner*

---

2019-121

---

On Petition for Writ of Mandamus to the United States Court of Federal Claims.

---

## ON PETITION

---

PER CURIAM.

## O R D E R

Rebecca Gallogly petitions for a writ of mandamus directing the United States Court of Federal Claims to allow her to electronically file her complaint and other documents sent in PDF format on a USB drive.  She also moves for leave to proceed *in forma pauperis*.

Dr. Gallogly delivered to the Claims Court a USB drive with a letter requesting her complaint and "ancillary motions" stored on that USB drive be filed.  With a letter by a staff attorney, the Clerk of the Claims Court returned the USB drive and explained that the clerk's office was unable to accept the submissions.  In doing so, the Clerk explained to Dr. Gallogly that *pro se* plaintiffs are required to file

complaints in paper form under Rule 5.5 of the Rules of the United States Court of Federal Claims ("RCFC").

The remedy of mandamus is available only in "exceptional circumstances to correct a clear abuse of discretion or usurpation of judicial power." *In re Calmar, Inc.*, 854 F.2d 461, 464 (Fed. Cir. 1988) (citations omitted).  The party seeking a writ of mandamus must (1) "have no other adequate means to attain the relief [s]he desires," (2) show that her right to issuance is "clear and indisputable," and (3) satisfy the court that the issuance of the writ is appropriate under the circumstances. *See Cheney v. U.S. Dist. Court for the Dist. of Columbia*, 542 U.S. 367, 380–81 (2004) (citations and internal quotation marks omitted).

The Rules of the Claims Court do not at this time allow Dr. Gallogly to file her complaint electronically.  And even if we were to agree that there may be some facial conflict between RCFC 5.5 and Rule 5(d)(4) of the Federal Rules of Civil Procedure and agree that Rule 5(d)(4) is applicable to the Claims Court, we cannot say that Dr. Gallogly has a clear and indisputable right to compel the Clerk to accept submissions via USB drive.  Moreover, Dr. Gallogly has an alternative avenue of asking the Claims Court itself to reconsider the action of the Clerk and to offer a more suitable means of electronic filing.  We therefore cannot say that mandamus relief is appropriate here.

Accordingly,

IT IS ORDERED THAT:

(1)  The petition for writ of mandamus is denied.

(2)  The motion for leave to file *in forma pauperis* is granted for purposes of filing this petition.

IN RE:  GALLOGLY                                                                                     3


                                              FOR THE COURT


        July 18, 2019                    /s/ Peter R. Marksteiner
            Date                         Peter R. Marksteiner
                                         Clerk of Court
   s25