NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In Re FINTIV, INC.,**
*Petitioner*

---

2025-142

---

On Petition for Writ of Mandamus to the United States District Court for the Western District of Texas in No. 1:21-cv-00896-ADA, Judge Alan D. Albright.

---

**ON PETITION AND MOTION**

---

Before TARANTO, CUNNINGHAM, and STARK, *Circuit Judges*.

PER CURIAM.

### O R D E R

Fintiv, Inc. petitions for a writ of mandamus directing the United States District Court for the Western District of Texas to postpone a trial scheduled for August 4, 2025, and moves to stay trial pending disposition of the petition. Specifically, Fintiv argues that the district court errs by proceeding with trial (1) without first permitting it to take certain discovery and (2) despite Fintiv's lead counsel having a scheduling conflict with a hearing in a different case. Apple Inc. opposes.

The remedy of mandamus is available only in "exceptional" situations to correct a "clear abuse of discretion or usurpation of judicial power" by a trial court. *In re Calmar, Inc.*, 854 F.2d 461, 464 (Fed. Cir. 1988). A party seeking a writ bears the burden of proving that it has no "adequate alternative" to obtain the same relief, *Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 309 (1989), and that the right to issuance of the writ is "clear and indisputable," *Will v. Calvert Fire Ins.*, 437 U.S. 655, 666 (1978) (internal quotation marks omitted). Fintiv has not met that standard here. Fintiv indicated to the district court that it could proceed with the trial on the current date, even with its counsel's scheduling conflict, if it received the desired discovery. Appx031–32. And before this petition was filed, the other court rescheduled its hearing to four days after this trial is anticipated to end. At a minimum, Fintiv has not shown that an appeal after final judgment would be inadequate to raise its challenges to the district court's rulings or shown a clear and indisputable right to relief from the current trial date under the circumstances.

Accordingly,

IT IS ORDERED THAT:

The petition and motion to stay are denied.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

August 1, 2025
Date