74 F.3d 1258
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Larry W. BLAKE, Petitioner.
 Misc. Nos. 444, 445.
 United States Court of Appeals, Federal Circuit.
 Jan. 3, 1996.
 
 Before ARCHER, Chief Judge, BENNETT, Senior Circuit Judge, and MAYER, Circuit Judge.
 ON PETITIONS FOR WRITS OF MANDAMUS
 ORDER
 ARCHER, Chief Judge.
 
 
 1
 Larry W. Blake petitions for a writ of mandamus to direct the administrative patent judge (APJ) in two related interference proceedings to add two patents owned by an assignee of F. Richard Christ, David A. Fencil, and Patricia M. Knight to the first interference (misc. 444) and to add one patent owned by an assignee of Christ et al. to the second interference (misc. 445). Christ et al. oppose. The Commissioner of Patents and Trademarks moves for leave to intervene as a respondent.
 
 
 2
 Briefly, Blake provoked two interferences, one between a Blake application and a Christ application and one between a Blake application and a Christ patent. Pursuant to 37 C.F.R. Sec. 1.642, Blake requested that two Christ patents be added to the first interference and one Christ patent be added to the second interference. The administrative patent judge (APJ) dismissed Blake's requests without prejudice to proceeding ex parte to seek an additional interference or additional interferences. After the Board of Patent Appeals and Interferences denied Blake's requests for reconsideration, Blake filed requests for review by the Commissioner of Patent and Trademarks, arguing that the APJ was required to consider Blake's Sec. 1.642 requests on the merits. The Board denied Blake's requests.
 
 
 3
 We will address Blake's two mandamus petitions in a single discussion. The remedy of mandamus is available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. In re Calmar, Inc., 854 F.2d 461, 464 (Fed.Cir.1988). A party seeking such a writ bears the burden of proving that it has no other means of attaining the relief desired and that the right to issuance of the writ is "clear and indisputable." Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980). Under 28 U.S.C. Sec. 1651(a), this court may issue a writ of mandamus to correct some action that would otherwise frustrate our prospective jurisdiction.
 
 Section 1.642 provides:
 
 4
 During the pendency of an interference, if the examiner-in-chief becomes aware of an application or a patent not involved in the interference which claims the same patentable invention as a count in the interference, the examiner-in-chief may add the application or patent to the interference on such terms as may be fair to all parties.
 
 
 5
 (Emphasis added.) Blake maintains that the APJ abused her discretion by relying on an erroneous conclusion of law in not disposing of Blake's Sec. 1.642 requests on the merits, i.e., comparing the claims in the patents Blake sought to add to the interferences with the claims designated as corresponding to the interference counts. The Commissioner argues that mandamus is not appropriate because the APJ did not abuse her discretion in dismissing Blake's requests to add the Christ patents to the interferences and that other administrative remedies are available to Blake at the Board.
 
 
 6
 In this case, the APJ exercised her discretion under Sec. 1.642 by rejecting Blake's motions to add the Christ patents to the interferences. Blake has failed to show a clear and indisputable right to the relief requested. Further, issuance of a writ of mandamus is not necessary to aid or preserve our prospective jurisdiction because Blake may seek review in this court under 35 U.S.C. Sec. 141 after final decisions have been entered in the interference proceedings. Thus, we decline to issue the writ.
 
 
 7
 Accordingly,
 
 IT IS ORDERED THAT:
 
 8
 (1) Blake's petitions for writs of mandamus in misc. 444 and 445 are denied.
 
 
 9
 (2) The Commissioner's motion for leave to intervene as a respondent is granted.