91 F.3d 168
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re UNITED STATES, Petitioner.
 Misc. No. 460.
 United States Court of Appeals, Federal Circuit.
 May 31, 1996.
 
 Before MAYER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and LOURIE, Circuit Judge.
 ON PETITION FOR WRIT OF MANDAMUS
 MAYER, Circuit Judge.
 
 ORDER
 
 1
 The United States petitions for a writ of mandamus to direct the Court of Federal Claims to vacate its orders of December 9, 1994 and December 19, 1995 and to address the issues and evidence presented by the United States. McDonnell Douglas Corporation and General Dynamics Corporation each oppose. The United States moves for leave to file a reply, with reply attached. McDonnell Douglas and General Dynamics oppose.
 
 
 2
 This mandamus petition arises from a lawsuit by McDonnell Douglas and General Dynamics against the United States because of the Department of the Navy's termination of their contract to produce a stealth attack aircraft known as the A-12. The Court of Federal Claims tried count XVII of the complaint and, in an order entered December 19, 1995, determined that the termination of the contract for default should be converted to a termination for convenience. The court stated that it would issue detailed findings of fact and conclusions of law in the future. The United States moved twice to have issues concerning the trial court's determinations certified for permission to appeal to this court. The trial court denied the motions.
 
 
 3
 On April 8, 1996, the United States petitioned this court for a writ of mandamus. On April 9, 1996, the Court of Federal Claims issued its detailed findings of fact and conclusions of law concerning the conversion of the termination of the contract. We directed the United States to file a supplemental petition addressing the trial court's findings and conclusions. The United States filed a supplemental petition and McDonnell Douglas and General Dynamics submitted oppositions. The trial court also submitted a letter in response to the petition.
 
 
 4
 The United States argues, generally, that the Court of Federal Claims (1) erred in converting the termination of the contract from one of default to one of convenience and (2) erred in refusing to consider the United States' evidence concerning repudiation and default. The United States further argues that mandamus is appropriate because the case involves important issues and because the additional delay of trying damages before the United States can appeal and seek to have the trial court's decision overturned will impede the government's efforts to present its default evidence. For its right to obtain review by mandamus, the United States cites, inter alia, our decision in In re Mark Industries, 751 F.2d 1219, 1224-25 (Fed.Cir.1984) (granting mandamus so that trial could be conducted properly to recognize statutory presumption of patent validity). McDonnell Douglas and General Dynamics oppose mandamus, arguing that the trial court was correct and, in any event, that the arguments raised by the United States' petition can be addressed on appeal after final judgment.
 
 
 5
 The remedy of mandamus is available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. In re Calmar, Inc., 854 F.2d 461, 464 (Fed.Cir.1988). A party seeking a writ bears the burden of proving that it has no other means of attaining the relief desired, Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa, 490 U.S. 296, 309 (1989), and that the right to issuance of the writ is "clear and indisputable," Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980).
 
 
 6
 We agree with McDonnell Douglas and General Dynamics that the United States can seek review of the issues it raises in its mandamus petition on appeal from the final judgment. Our grant of mandamus in Mark Industries was justified by the district court's action effectively repealing the statutory presumption of patent validity. Mark Industries, 751 F.2d 1224-25. A similar extraordinary circumstance is not present here. In the present case, the United States' argument is that the trial court improperly converted a termination for default to a termination for convenience and the United States desires interlocutory review of that ruling. However, the United States' position does not differ from many litigants which believe that an interlocutory ruling is wrong and wish for immediate appellate review. That wish alone does not justify the issuance of a writ. See United States v. Watson, 603 F.2d 192, 196 (CCPA 1979) (that petitioner "may suffer hardship, inconvenience or an unusually complex trial" does not necessarily provide a basis for mandamus). Finally, we note that the trial court has stated that the damages portion of the case will proceed without undue delay. We are not persuaded that a delay in obtaining judicial review will impede any future United States' efforts to litigate the case.
 
 
 7
 Accordingly,
 
 IT IS ORDERED THAT:
 
 8
 (1) The United States' motion for leave to file a reply is granted.
 
 
 9
 (2) The United States' petition for a writ of mandamus is denied.