106 F.3d 424
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re META SYSTEMS and Mentor Graphics Corporation, Petitioners.
 Misc. No. 491.
 United States Court of Appeals, Federal Circuit.
 Dec. 20, 1996.
 
 Before LOURIE, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and CLEVENGER, Circuit Judge.
 ON PETITION FOR WRIT OF MANDAMUS
 ORDER
 CLEVENGER, Circuit Judge.
 
 
 1
 Meta Systems and Mentor Graphics Corporation (Meta Systems) petition for a writ of mandamus to direct the International Trade Commission to vacate certain orders compelling the production of information relating to emulation systems and components currently under development. Quickturn Design Systems, Inc. and the Commission oppose. Meta Systems submits a reply that the court treats as a motion for leave to file a reply, with reply attached.
 
 BACKGROUND
 
 2
 In March 1996, the Commission initiated an investigation under 19 U.S.C. § 1337 based on a complaint filed by Quickturn. Quickturn alleged that Meta Systems' Meta-1 system and components infringed Quickturn's U.S. Letters Patent 5,448,496 (entitled "Partial Crossbar Interconnect Architecture For Reconfigurably Connecting Multiple Reprogrammable Logic Devices In A Logic Emulation System") and U.S. Letters Patent 5,036,473 (entitled "Method of Using Electronically Reconfigurable Logic Circuits"). The administrative law judge (ALJ) entered a temporary limited exclusion order. Meta Systems informed Quickturn that, in an attempt to design around the claim interpretation adopted by the ALJ, it was developing new emulation systems (Meta-2).
 
 
 3
 Quickturn propounded a discovery request concerning each emulation system and components currently under development by Meta Systems. The ALJ granted Quickturn's motion to compel production of the information, determining that it was undisputed that the Meta-2 system was under development. The ALJ noted that the scope of investigation included the components of Meta-1 and that Quickturn was seeking discovery on the issue of what components may be used in new emulation systems and the origin of those components. The ALJ concluded that whether Meta-2 infringes:
 
 
 4
 is found relevant to the allegation, found in paragraph 99 of the complaint, that components of the "Meta-1" system are not suitable for "substantial non-infringing use." Moreover, the use of any components of the "Meta-1" system in the "Meta-2" system is found reasonably calculated to lead to the discovery of evidence relating to the remedy issue.
 
 
 5
 The ALJ denied Meta Systems' motion for reconsideration, stating:
 
 
 6
 Discovery regarding products within the scope of the investigation that are in development, and that are likely to be imported into the United States has been permitted in Section 337 investigations. See, e.g., Certain Static Random Access Memories And Integrated Circuit Devices Containing Same, Processes For Making Same, Components Thereof, And Products Containing Same, Inv. No. 337-TA-325, Order No. 12 (September 23, 1991). Moreover, permitting such discovery is appropriate in recognition of the fact that the Commission may direct its remedial orders to any products within the scope of the investigation that infringe the patents at issue, and that fundamental fairness and judicial economy favor infringement determinations with respect to all such products in a single proceeding rather than piecemeal determinations in separate proceedings. Id.
 
 
 7
 This petition followed.
 
 DISCUSSION
 
 8
 The remedy of mandamus in available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. In re Calmar, Inc., 854 F.2d 461, 464 (Fed.Cir.1988). A party seeking such a writ bears the burden of proving that it has no means of attaining the relief desired, Mallard v. United States Dist. Court of the S. Dist. Of Iowa, 490 U.S. 296, 309 (1989), and that the right to issuance of the writ is "clear and indisputable." Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980).
 
 
 9
 Meta Systems argues that the Commission exceeded its jurisdiction by ordering discovery of Meta-2 because Meta Systems is not currently making, using, selling, or offering for sale any such system in the United States. Meta Systems argues further that because it has decided to manufacture new emulation systems in the United States, the Commission will not have jurisdiction over any completed products. Quickturn and the ITC contend that the ITC's jurisdiction to investigate the Meta-1 system and components extends to Meta-2.
 
 
 10
 A decision concerning discovery is committed to the ruling tribunal's discretion. See American Standard Inc. v. Pfizer Inc., 828 F.2d 734, 739 (Fed.Cir.1987); Florsheim Shoe Co., Div. of Interco, Inc. v. United States, 744 F.2d 787, 797 (Fed.Cir.1984). "Where a matter is committed to discretion, it cannot be said that a litigant's right to a particular result is 'clear and indisputable." ' Allied Chemical, 449 U.S. at 36. See also 4 James Wm. Moore et al., Moore's Federal Practice p 26.37[9.-3] (2d ed. 1996) ('mandamus will not ordinarily lie as a means for appellate review of discovery orders").[1] Although discovery orders are subject to mandamus in exceptional circumstances, we conclude that such circumstances do not exist in this case.
 
 
 11
 Meta Systems acknowledges that it is developing Meta-2 in order to design around the claim. The ALJ has broad discretion concerning discovery matters. The ALJ has determined that information relating to whether emulation systems currently under development contain components not suitable for noninfringing use is relevant to remedy. Cf. Corning Glass Works v. United States Int'l Trade Comm'n, 799 F.2d 1559, 1567 (Fed.Cir.1986) (Commission may make inquiry into likelihood of future injury even if record does not support finding of past injury); see also Texas Instruments Inc. v. United States Int'l Trade Comm'n, 851 F.2d 343, 344 (Fed.Cir.1988) (exclusion order bars future importation). Although we agree with Meta Systems that the discovery order is at the outer limits of the ALJ's discretion, we cannot say that Meta Systems has shown that its right to the issuance of a writ is clear and indisputable.[2] See Allied Chemical, 449 U.S. at 36.
 
 
 12
 Accordingly,
 
 IT IS ORDERED THAT:
 
 13
 (1) Meta Systems' petition is denied.
 
 
 14
 (2) Meta Systems' motion for leave to file a reply is granted.
 
 
 
 [1]
 The Commission's discovery procedures, see 19 C.F.R. § 210.27, closely track the language of Fed.R.Civ.P. 26
 
 
 [2]
 In addition, the court notes that the ALJ has issued a protective order that provides that any counsel for Quickturn "who gains access to the 'confidential technical information' will refer any current or future prosecution of any Quickturn patent application to another attorney, for one year after termination of this investigation, and erect a 'Chinese Wall' between him or herself and the attorney prosecuting any such patent application."