106 F.3d 427
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re TESOR TECHNOLOGY INC., Petitioner.
 Misc. No. 493.
 United States Court of Appeals, Federal Circuit.
 Jan. 16, 1997.
 
 Before MAYER, PLAGER, and BRYSON, Circuit Judges.
 ON PETITION FOR WRIT OF MANDAMUS
 BRYSON, Circuit Judge.
 
 ORDER
 
 1
 Tesor Technology Inc. petitions for a writ of mandamus to direct the United States District Court for the Central District of California to vacate a November 4, 1996 order and reverse a July 17, 1996 order concerning certain document requests. Spal, S.r.l. and Iowa Export-Import Trading Co. oppose.*
 
 BACKGROUND
 
 2
 Spal et al. filed a complaint against Tesor for patent infringement and unfair competition concerning certain power window devices. During discovery, Spal sought from Tesor, inter alia, foreign and domestic patent applications filed by Tesor related to any power window device, documents concerning Tesor's assets and liabilities, and Tesor's business records and communications with its customers. On July 17, 1996, the district court ordered Tesor to produce those documents. Tesor's motion for reconsideration was denied. On October 21, 1996, the district court held a hearing on Tesor's second motion for reconsideration. On November 4, 1996, the district court denied Tesor's second reconsideration motion and ordered that the documents be produced on or before November 12, 1996. Tesor then sought a continuation in order to secure a copy of the October 21 hearing transcript. Treating Tesor's motion as one for an extension of time to comply with the November 4 discovery order, the district court ordered Tesor to produce the documents by December 13, 1996. On December 11, 1996, Tesor filed the instant mandamus petition.
 
 DISCUSSION
 
 3
 The remedy of mandamus in available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. In re Calmar, Inc., 854 F.2d 461, 464 (Fed.Cir.1988). A party seeking such a writ bears the burden of proving that it has no means of attaining the relief desired, Mallard v. United States Dist. Court of the S. Dist. Of Iowa, 490 U.S. 296, 309 (1989), and that the right to issuance of the writ is "clear and indisputable." Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980).
 
 
 4
 As threshold matter, the court notes that the district court did not set forth any findings and conclusions in either the July 17 order or the November 4 order. Tesor states in its petition that it has been unable to obtain a copy of the October 21 hearing transcript. It does not indicate whether it has sought or received a copy of the hearing transcript with regard to the July 17 order. In addition, although Tesor's petition has been pending since December 11, 1996 and Tesor argues that this court needs a copy of the transcript in order to decide the petition, Tesor has not informed this court of the status of the October 21 hearing transcript. Because time has passed and the petition must be decided, the court will confine its review to the papers submitted by the parties.
 
 
 5
 Decisions concerning discovery are committed to the district court's discretion. See American Standard, Inc. v. Pfizer, 828 F.2d 734, 739 (Fed.Cir.1987); Florsheim Shoe Co., Div. of Interco, Inc. v. United States, 744 F.2d 787, 797 (Fed.Cir.1984). "Where a matter is committed to discretion, it cannot be said that a litigant's right to a particular result is 'clear and indisputable.' " Allied Chemical, 449 U.S. at 36. See also 4 James Wm. Moore et al., Moore's Federal Practice p 26.37[9.-3] (2d ed. 1996) ('mandamus will not ordinarily lie as a means for appellate review of discovery orders"). Although discovery orders are subject to mandamus in exceptional circumstances, we conclude that such circumstances have not been shown to exist in this case. See Allied Chemical, 449 U.S. at 36. Tesor has not established that the district court abused its discretion in ordering that Tesor produce the documents that are at issue. In other words, Tesor has not shown that its right to the issuance of a writ is clear and indisputable.
 
 
 6
 Accordingly,
 
 IT IS ORDERED THAT:
 
 7
 Tesor's petition is denied.
 
 
 
 *
 Tesor submits a January 8, 1997 letter, requesting that the court rule on the mandamus petition