ON PETITION FOR WRIT OF MANDAMUS
DYK, Circuit Judge.
ORDER
Philip E. Cushman petitions for a writ of mandamus to direct the Court of Appeals *879 for Veterans Claims to conduct discovery into the “doctoring of his medical records” by the Department of Veterans Affairs (VA) and the VA’s reliance on the allegedly doctored records to deny Cushman’s claim for increased disability and compensation benefits.
Cushman filed his first disability compensation claim in 1974. The VA regional office granted Cushman a partial disability rating. Over the next several years, Cushman challenged the disability rating before both the Board of Veterans Appeals (BVA) and the regional office. Cushman claims that in 1983, he discovered that the medical records contained in his VA claim file had been altered, and that the VA had relied upon the altered file to support its denial of Cushman’s requests for increased benefits.
Cushman continued to request an increased disability rating, and in 1995 the regional office awarded Cushman a total disability rating based on individual unemployability, effective August 31, 1994. The BVA denied Cushman’s challenge to the effective date of his total disability rating. Cushman appealed the BVA’s decision to the Court of Appeals for Veterans Claims.
Cushman then filed a petition for writ of mandamus to the Court of Appeals for Veterans Claims, seeking permission to conduct discovery into the doctoring of his medical records. The Court of Appeals for Veterans Claims denied Cushman’s petition. Cushman did not appeal the denial of the petition. Cushman filed the instant petition on January 2, 2001, seeking relief identical to that sought in the petition for writ of mandamus to the Court of Appeals for Veterans Claims.
A writ of mandamus will issue only in exceptional circumstances to correct a clear abuse of discretion or usurpation of judicial power by a trial court. In re Calmar, Inc., 854 F.2d 461, 464 (Fed. Cir.1988). A party who seeks a writ bears the burden of proving that it has no other means of attaining the relief desired, Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa, 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989), and that the right to issuance of the writ is “clear and indisputable.” Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980).
We determine that Cushman has not shown he is entitled to the extraordinary remedy of mandamus. As noted above, Cushman filed a petition for writ of mandamus with the Court of Appeals for Veterans Claims seeking relief identical to that which he seeks in this court. Cushman had sixty days after the denial of the petition to appeal, and Cushman did not do so. See Moses H. Cone Mem’l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 8 n. 6, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) (“[A] court of appeals has no occasion to engage in extraordinary review by mandamus ... when it can exercise the same review by a contemporaneous ordinary appeal.”). Thus, Cushman has not met is burden of showing that he had no other means of obtaining the relief desired.
Accordingly,
IT IS ORDERED THAT:
The petition for a writ of mandamus is denied.