**In re RAMBUS INC., Petitioner.**

**No. 667.**

United States Court of Appeals, Federal Circuit.

DECIDED: April 4, 2001.

Before MICHEL, CLEVENGER, and SCHALL, Circuit Judges.

ON PETITION FOR WRIT OF MANDAMUS

CLEVENGER, Circuit Judge.

*ORDER*

Rambus, Inc. petitions for a writ of mandamus to direct the United States District Court for the Eastern District of Virginia to vacate its March 7, 2001 order that vitiated Rambus's attorney-client privilege due to the applicability of the crime-fraud exception.[1] Infineon Technologies AG, Infineon Technologies North America Corp., and Infineon Technologies Holding North America Inc. (Infineon) oppose.[2]

---

1. The district court supplemented its findings and conclusions when it considered Rambus's motion for reconsideration. Rambus has submitted the parties' papers and the district court's ruling, and we have considered the parties' papers in that regard.

2. Rambus's renewed motion to stay the order, pending disposition of the mandamus petition, is denied as moot.

Rambus sued Infineon for infringement of three patents, related to DRAMs, or memory chips. Infineon asserted its defenses and counterclaims including fraud based on Rambus's failure to disclose its patent applications to the Joint Electron Device Engineering Council (JEDEC).

The events leading up to this litigation arose when Rambus, Infineon and others were members of the JEDEC, a standard-setting body for semiconductor and electronics businesses. Infineon states that JEDEC also attempts to set industry standards that would not depend on a patented item or process unless a patentee agrees to a license on various terms. Infineon asserts that Rambus as a member of JEDEC had a duty to inform other members of any patents and patent applications that it had and that Rambus withheld information about certain patent applications from JEDEC members. Infineon also asserts that Rambus broadened its claims in an application to cover more of JEDEC technology. As a result of the asserted non-disclosure by Rambus, Infineon asserts that JEDEC developed standards and Infineon produces products that Rambus claims are covered by its patents.

In the district court, Infineon moved to compel deposition testimony and to require Rambus to produce documents related to legal advice regarding disclosure of patents and patent applications to JEDEC. After a hearing, the district court held that Infineon had established a prima facie case of fraud sufficient to vitiate the attorney-client privilege. The district court ordered that that attorney-client privilege was vitiated regarding "the legal advice provided about disclosure of patents and patent application to JEDEC by Rambus, Inc., the disclosure policy of JEDEC and about the efforts by Rambus, Inc. to broaden its patents to cover matters pertaining to the JEDEC standards" and certain advice related to Rambus's withdrawal from JEDEC.[3]

In its mandamus petition, Rambus argues that it sufficiently disclosed its patent information to JEDEC and that there is no evidence that it intended to expand the scope of its patent claims to cover the JEDEC standard. Rambus also argues that, as a matter of patent policy, it should not be fraud to fail to disclose patent applications, because such applications are confidential, or to amend patent applications to cover competitors' products because "patent law supports this very conduct." Finally, Rambus argues that "this Court should not unduly penalize those who participate in standards-setting organizations." Rambus also asserts, in the "Statement of the Case" section of its petition, different factual conclusions than those found by the district court.

■■■ The remedy of mandamus is available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. *In re Calmar, Inc.,* 854 F.2d 461, 464 (Fed.Cir. 1988). A party seeking a writ bears the burden of proving that it has no other means of attaining the relief desired, *Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa,* 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989), and that the right to issuance of the writ is "clear and indisputable," *Allied Chemical Corp. v. Daiflon, Inc.,* 449 U.S. 33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980). However, a writ of mandamus "may be sought to prevent the wrongful exposure of privileged communications." *In re Regents of Univ.*

---

3. Rambus does not challenge the scope of the order. We note that the district court has stated that the depositions will be placed under seal until they are reviewed by the court and that they will, to the extent possible, be conducted under the supervision of the district court judge.

*of Calif.,* 101 F.3d 1386, 1387 (Fed.Cir. 1996).

This court considered the crime-fraud exception in *In re Spalding Sports Worldwide, Inc.,* 203 F.3d 800 (Fed.Cir.2000). We stated that, "[t]o invoke the crime-fraud exception, a party challenging the attorney-client privilege must make a *prima facie* showing that the communication was made 'in furtherance of' a crime or fraud." *Spalding,* 203 F.3d at 807.

■ Rambus's argument that failure to disclose a patent application is not fraud is premised on its factual assertion that it was under no duty pursuant to its membership in JEDEC to disclose the applications. The district court found such a duty and Rambus has not shown entitlement to mandamus relief regarding this finding. Concerning Rambus's argument that it is permissible to amend a patent application to cover a competitor's products, Rambus has not shown that it is clear and indisputable that it would not be a continuation of the prima facie case of fraud that the district court found if Rambus acquired fraudulently the information that might have been used to expand its patent protection. Finally, concerning Rambus's argument that it should not be "punished" for participating in JEDEC, it appears that the district court is not punishing Rambus for participating but instead found a prima facie case of fraud because it preliminarily determined, inter alia, that Rambus did not follow the requirements of JEDEC when participating.

We have considered Rambus's other arguments and find them not persuasive. We note that we are not deciding whether there was fraud or whether, on appeal from a final judgment, this court would view the issues the same as the district court. On review by mandamus, we merely determine that based upon the papers submitted by the parties, Rambus has not shown entitlement to a writ of mandamus to overturn the district court's determination that a prima facie case of fraud was established.

Accordingly,

IT IS ORDERED THAT:

Rambus's petition for a writ of mandamus is denied.