**In re Walter A. COPENHAVER, Petitioner.**

**No. 678.**

United States Court of Appeals, Federal Circuit.

Aug. 30, 2001.

Before NEWMAN, RADER, and SCHALL, Circuit Judges.

SCHALL, Circuit Judge.

### ORDER

Walter A. Copenhaver petitions for a writ of mandamus to direct the United States District Court for the Western District of Texas (El Paso) to (1) correct the file date on his notice of appeal to reflect receipt on June 27, 2001 and (2) forward the notice of appeal to this court.

The district court's certified list reflects that judgment was entered in favor of the Federal Home Loan Mortgage Corporation and against Copenhaver on April 30, 2001. Copenhaver submitted a notice of appeal to this court, which was received by the clerk's office on June 27, 2001. Because Fed. R.App. P. 4(a)(1) provides that a notice of appeal must be filed "with the district clerk," the clerk of this court transmitted the notice of appeal to the district court for filing. The district court's certified list reflects that the notice of appeal was "filed" by the district court on July 2, 2001 and transmitted not to this court but to the United States Court of Appeals for the Fifth Circuit.

Copenhaver asserts that the district court erred in giving his notice appeal the July 2, 2001 filing date, which presumably was the date the district court received the notice of appeal from this court. Rather, he states that the proper filing date is June 27, 2001, the date this court received Copenhaver's notice of appeal. Copenhaver seeks to have this court direct the district court to correct the filing date on the certified list. Copenhaver additionally asserts that the district court improperly transmitted his notice of appeal to the Fifth Circuit. In the notice of appeal, Copenhaver specified that he was appealing the district court judgment to the Federal Circuit not the Fifth Circuit. Copenhaver argues in his mandamus petition that jurisdiction properly lies in this court and seeks an order directing the district court to retransmit the notice of appeal to this court.

A writ of mandamus will issue only in exceptional circumstances to correct a clear abuse of discretion or usurpation of judicial power by a trial court. *In re Calmar Inc.,* 854 F.2d 461, 464 (Fed. Cir.1988). A party who seeks a writ bears the burden of proving that it has no other means of attaining the relief desired, *Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa,* 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989), and that the right to issuance of the writ is "clear and indisputable." *Allied Chemical Corp. v. Daiflon, Inc.,* 449 U.S. 33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980).

Although Copenhaver's arguments are not without merit, we conclude that mandamus relief is not necessary. With respect to issue of the proper filing date for the notice of appeal, the Fifth Circuit may determine whether a timely appeal was filed. *See* Fed. R.App. P. 4(d) ("If a notice of appeal in a civil case is mistakenly filed in the court of appeals, the clerk of that court must note on the notice the date when it was received and send it to the district clerk. The notice is then considered filed in the district court on the date so noted."). With respect to the misdirection of the appeal to the Fifth Circuit, mandamus relief is not necessary because Copenhaver may file a motion to transfer in the Fifth Circuit and that court may decide whether it has jurisdiction.*

Accordingly,

IT IS ORDERED THAT:

Copenhaver's petition for a writ of mandamus is denied.

---

* We express no view on the jurisdictional issue.