**In re QLT PHOTOTHERAPEUTICS, INC. (now known as QLT, Inc.), Petitioner.**

Misc. No. 686.

United States Court of Appeals, Federal Circuit.

DECIDED: Nov. 2, 2001.

Before MICHEL, RADER, and GAJARSA, Circuit Judges.

### ORDER

RADER, Circuit Judge.

QLT Phototherapeutics, Inc. (QLT) petitions for a writ of mandamus to direct the United States District Court for the District of Massachusetts to vacate its order to compel production of certain material. Massachusetts Eye and Ear Infirmary (MEEI) opposes. QLT moves for leave to file a reply, with reply attached. QLT moves for a stay of the order requiring discovery, pending disposition of the petition.

MEEI sued QLT in the district court for breach of contract, seeking royalties. QLT counterclaimed for correction of inventorship. In a discovery dispute, the district court found that MEEI and QLT were previously engaged, for a period of time, in a joint effort with QLT's attorney

to file patent applications. Because of this, the district court* held that the "common interest" exception to the attorney-client privilege applied and ordered QLT to produce certain documents that it had provided to its counsel during that period. The district court held that the common interest exception applied to documents relating to patent applications and the issue of inventorship but did not apply to documents that related to efforts of the parties to reach licensing agreements.

Thereafter, the district court conducted an in camera review of documents that QLT withheld. The district court ordered the production of certain documents by November 2, 2001. QLT petitions for a writ of mandamus challenging the required production of certain documents.

■ The remedy of mandamus is available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. *In re Calmar, Inc.*, 854 F.2d 461, 464 (Fed.Cir. 1988). A party seeking a writ bears the burden of proving that it has no other means of attaining the relief desired, *Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa*, 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989), and that the right to issuance of the writ is "clear and indisputable," *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980). However, a writ of mandamus "may be sought to prevent the wrongful exposure of privileged communications." *In re Regents of Univ. of Calif.*, 101 F.3d 1386, 1387 (Fed.Cir. 1996).

■ In sum, most of QLT's mandamus petition amounts to a challenge to the district court's factual findings and the district court's procedure in conducting the in camera review. The district court found that the common interest ceased on a cer-

tain date and ordered production of documents before that date. The district court also found that certain documents, containing both inventorship issues and licensing issues, were inextricably intertwined to a degree that redaction of the discussion of licensing issues was not possible. QLT has a formidable burden of demonstrating that mandamus is appropriate in a case such as this involving challenges to factual findings. QLT has not carried that burden in regard to these challenges.

■ Finally, the district court reviewed whether three documents, reflecting communications between an employee of QLT and an employee of CibaVision, were "attorney-client" communications and determined that they were not. The district court did not address whether the communications, which QLT asserts were between two attorneys, might have been protected under *In re Regents of Univ. of Calif.*, 101 F.3d 1386, 1387 (Fed.Cir.1996). In that case, we held that when two parties communicate to each other through their attorneys and share a sufficient common interest, those communications may be protected by the attorney-client privilege insofar as they are sought by a party that was not involved in the communications. *Regents*, 101 F.3d at 1389–90. We deem the better course is to permit the district court to address QLT's arguments in this regard rather than have us review the issue without the benefit of the district court's analysis.

Accordingly,

IT IS ORDERED THAT:

(1) QLT's petition for a writ of mandamus is denied except to the extent that the district court's order requiring production of documents reflecting communications between QLT and CibaVi-

---

* For ease of reference, use of the term "district court" includes the discovery master.

sion is vacated so that the district court may reconsider that ruling.

(2) QLT's motion for leave to file a reply is granted.

(3) QLT's motion for a stay is denied.