In re CARL ZEISS JENA GmbH and
Carl Zeiss, Inc., Petitioners.

No. MISC. DOCKET 713.

United States Court of Appeals,
Federal Circuit.

DECIDED: Sept. 9, 2002.

Before NEWMAN, RADER, and DYK, Circuit Judges.

*ORDER*

RADER, Circuit Judge.

Carl Zeiss Jena GmbH and Carl Zeiss, Inc. petition for a writ of mandamus to direct the United States District Court for the Southern District of New York to vacate those parts of the district court's June 5 and June 18, 2002 orders that excluded the use of a prior art reference for use at trial.

The district court excluded the use of the 1988 prior art reference at trial:

> because they did not produce it until the parties were briefing their [summary judgment] motions—nearly two years after the close of discovery. Defendants were surprised by its existence and were not afforded the opportunity to conduct discovery about its contents. Now Plaintiffs attempt to support their motion with an exhaustive list of other articles they produced during discovery as well as a chronology of how the 1988 Life Sciences article was located and turned over to Defendants. However, Plaintiffs still cannot provide the Court with the justification as to why the article was not located earlier in the four years this lawsuit has been pending.

A writ of mandamus will issue only in exceptional circumstances to correct a clear abuse of discretion or usurpation of judicial power by a trial court. *In re Calmar Inc.*, 854 F.2d 461, 464 (Fed.Cir. 1988). A party who seeks a writ bears the burden of proving that it has no other means of attaining the relief desired, *Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa*, 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989), and that the right to issuance of the writ is "clear and indisputable." *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980). "Where a matter is committed to discretion, it cannot be said that a litigant's right to a particular result is 'clear and indisputable.'" *Id.* at 36.

Zeiss concedes, as it must, that the district court's ruling in this case was a matter committed to the district court's discretion. The authority to control discovery is confined almost entirely to the exercise of a trial court's discretion. In view thereof, Zeiss has not shown that its right to vacatur of the ruling is "clear and indisputable." Further, Zeiss has not shown that it lacks no other means of attaining relief. "A litigant is free to seek review of the propriety of such an order on direct appeal after a final judgment has been entered." *Id.*

Accordingly,

IT IS ORDERED THAT:

Zeiss's petition for a writ of mandamus

is denied.\*

---

\* Zeiss filed confidential and nonconfidential copies of its writ, but filed only confidential copies of its appendix. Nearly all of documents in the appendix are nonconfidential. Accordingly, Zeiss is ordered to file one non- confidential copy of the appendix to be placed in the court's public file.