**In re APOTEX, INC., Petitioner.**

**No. 690.**

United States Court of Appeals, Federal Circuit.

Oct. 9, 2002.

Before GAJARSA, LINN, and PROST, Circuit Judges.

ON PETITION FOR WRIT OF MANDAMUS

GAJARSA, Circuit Judge.

ORDER

Apotex, Inc. petitions for a writ of mandamus to direct the United States District Court for the Northern District of Illinois to vacate its order that granted a motion to strike Apotex's demand for a jury trial. Glaxo Group Limited and SmithKline Beecham Corporation (GSK) oppose. Apotex moves for leave to file a reply, with reply attached.

Apotex filed an abbreviated new drug application (ANDA) seeking approval to market a generic version of cefuroxime axetil. GSK markets the antibiotic. GSK sued Apotex for patent infringement under 35 U.S.C. § 271(e)(2) and sought a declaratory judgment of future infringement of its product and process patents. In its complaint, GSK requested an injunction and

damages. Apotex filed counterclaims seeking declaratory judgments of patent invalidity and noninfringement and asked for a jury trial on its declaratory judgment counterclaims. The district court granted GSK's motion to strike Apotex's jury demand, deciding, inter alia, that there is no right to a jury trial in a case in which no damages existed.

"[T]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Allied Chem. Corp. v. Daiflon, Inc.,* 449 U.S. 33, 34, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980). The remedy of mandamus is available to correct a clear abuse of discretion or usurpation of judicial power. *In re Calmar, Inc.,* 854 F.2d 461, 464 (Fed.Cir.1988). A party seeking a writ bears the burden of proving that it has no other means of attaining the relief desired and that the right to issuance of the writ is "clear and indisputable." *Allied Chemical Corp.,* 449 U.S. at 35, 101 S.Ct. 188. Despite the extraordinary nature of the writ, it is "the responsibility of the Federal Courts of Appeals to grant mandamus where necessary to protect the constitutional right to trial by jury." *Dairy Queen, Inc. v. Wood,* 369 U.S. 469, 472, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962). Thus, when a district court denies a demand for a jury trial, and a party seeks mandamus relief, an appellate court must decide whether such a right exits.

The parties argue whether this court's decision in *In re Lockwood,* 50 F.3d 966 (Fed.Cir.), *vacated,* 515 U.S. 1182, 116 S.Ct. 29, 132 L.Ed.2d 911 (1995), regarding the right to a jury trial for certain declaratory judgment counterclaims, controls the analysis in this case. Although the analysis in *Lockwood* is no longer binding, we find its reasoning pertinent. *See Tegal Corp. v. Tokyo Electron America, Inc.,* 257 F.3d 1331, 1340 (Fed.Cir.2001). The inquiry regarding the right to a jury trial requires that we take a historical perspective:

> First, we compare the statutory action to 18–century actions brought in the court of England prior to the merger of the courts of law and equity. Second, we examine the remedy sought and determine whether it is legal or equitable in nature.

*Chauffeurs Local No. 391 v. Terry,* 494 U.S. 558, 564, 110 S.Ct. 1339, 108 L.Ed.2d 519 (1990) (quoting *Tull v. United States,* 481 U.S. 412, 417–18, 107 S.Ct. 1831, 95 L.Ed.2d 365 (1987)).

In *Lockwood,* we noted that the important question when deciding whether a party is entitled to a jury trial in an action involving a declaratory judgment claim is to determine what type of action would have been brought by the declaratory judgment defendant concerning the dispute. "[T]he historical inquiry required by the Seventh Amendment takes as its object the nature of the underlying controversy." *Lockwood,* 50 F.3d at 973. Here, as noted above, the nature of the underlying controversy is entirely equitable, involving only a controversy whether future acts should be enjoined.

In its complaint, GSK requests an injunction and damages due to infringement. However, in its response to Apotex's mandamus petition, GSK acknowledges that there are no damages. We agree with the district court that under the unusual circumstances of this case, involving only possible future infringement, and in which there can be no damages because no infringing products have been marketed, the only relief that is before the district court is equitable in nature. Because the nature of the underlying controversy is entirely equitable, there can be no right to a jury trial.

Accordingly,

IT IS ORDERED THAT:

(1) Apotex's petition for a writ of mandamus is denied.

(2) Apotex's motion for leave to file a reply is granted.