**In re GROUP ONE LTD., Petitioner.**

**No. MISC 743.**

United States Court of Appeals,
Federal Circuit.

DECIDED: Sept. 2, 2003.

ON PETITION FOR WRIT OF MAN-
DAMUS

### ORDER

DYK, Circuit Judge.

Group One, Ltd. (1) moves for an expedited appeal and for a stay, pending appeal, of various district court orders, or (2) in the alternative, petitions for a writ of mandamus and prohibition and for a stay, pending disposition of the writ, of various district court orders.* This matter is docketed as a petition for a writ of mandamus.

Group One raises two issues. First, after defendant Hallmark Cards, Inc. had prepared for testimony that was to be offered by plaintiff's then-designated damages expert, Group One moved to designate a different expert. On July 28, 2003, the district court granted Group One's motion, finding that Group One was substantially justified in changing experts because Group One's previous expert refused to

---

* Group One's submission was received the morning of September 2, 2003. Because Group One states that the trial it seeks to stay begins on this same date, this court is deciding the matter pursuant to Fed. R.App. P. 8(a)(2)(D) ("in an exceptional case in which time requirements make [consideration by a panel] impracticable, the motion may be made to and considered by a single judge").

continue to participate. However, because Hallmark was prejudiced by the change, the district court ordered Group One to pay one-half of the amount Hallmark contended it incurred because of the substitution. Group One moved for a stay of the order requiring it to pay $209,825.44 to Hallmark. On August 27, 2003, the district court denied the motion, noting that "there are serious concerns surrounding whether Hallmark may collect the amount owed" later. The district court stated that "Group One may not substitute Bratic for Malackowski as its expert witness on damages unless and until it pays Hallmark the full amount required in the Court's July 28, 2003 order."

The second matter regards whether Group One's Managing Director and sole employee, Fredric Goldstein, may be present throughout the trial. On December 17, 1998, the district court issued a revised protective order. The district court subsequently denied Group One's motion to reclassify certain restricted documents, after reviewing the documents in camera. On May 2, 2003, Group One moved to clarify and unseal certain restricted documents so that Goldstein could be present during the trial. On July 3, 2003, the district court denied Group One's motion to clarify and unseal documents. The district court explained that its 1998 order provided that information designated "restricted" could only be viewed by each party's attorneys and expert witnesses and prohibited employees from viewing restricted material, including testimony adduced at trial. The district court held that Group One "voluntarily agreed to the terms of the Revised Protective Order, including the provision prohibiting employees from being present during trial while certain testimony was adduced." The district court found that Group One made a knowing and voluntary waiver of Goldstein's presence that vitiated any due process concerns Group One

might now have. On August 20, 2003, the district court denied Group One's motion for reconsideration of the July 3, 2003 order.

■ Group One states that it has filed a notice of appeal and that this court has jurisdiction over such an appeal because the district court orders have the effect of granting injunctive relief. We disagree. In order for this court to have jurisdiction over an appeal from interlocutory orders having the effect of granting injunctive relief, a party must show, inter alia, that the orders have a serious or irreparable consequence and that the orders could only be effectually challenged by immediate review. *Carson v. American Brands, Inc.,* 450 U.S. 79, 101 S.Ct. 993, 67 L.Ed.2d 59 (1981); *Woodard v. Sage Products, Inc.,* 818 F.2d 841 (Fed.Cir.1987) (en banc). Group One has not shown that the challenged orders cannot be reviewed on appeal following entry of final judgment. Concerning the order to pay Hallmark, Group One may either pay and thereby use its expert witness at trial or not pay and be barred from presenting its expert at trial. In either event, Group One may seek review on appeal after final judgment. Similarly, concerning the order barring Goldstein from being present throughout the trial, Group One has not shown that this is unlike any other trial court ruling that can be reviewed after entry of final judgment.

■ The remedy of mandamus is available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. *In re Calmar, Inc.,* 854 F.2d 461, 464 (Fed.Cir.1988). A party seeking a writ bears the burden of proving that it has no other means of attaining the relief desired, *Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa,* 490 U.S. 296, 309, 109 S.Ct. 1814,

104 L.Ed.2d 318 (1989), and that the right to issuance of the writ is "clear and indisputable," *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980).

Again, Group One fails to show that it cannot attain the relief desired by direct appeal.

Accordingly,

IT IS ORDERED THAT:

(1) The motions for expedited appeal and for a stay, pending appeal, are denied because the district court orders are not appealable.

(2) The motion to stay, pending resolution of the mandamus petition, and the petition for a writ of mandamus, are denied.