422

**In re SOFTWIRE TECHNOLOGY, LLC and Measurement Computing Corporation, Petitioners.**

**Misc. No. 782.**

United States Court of Appeals, Federal Circuit.

April 4, 2005.

Before MAYER, RADER, and DYK, Circuit Judges.

---

* The joint defense privilege is also known as the common interest privilege, especially when it refers to communications that may occur outside the context of actual litigation.

*ORDER*

MAYER, Circuit Judge.

SoftWIRE Technology, LLC and Measurement Computing Corporation (Soft-WIRE) petition for a writ of mandamus to direct the United States District Court for the District of Massachusetts to vacate its order that held that the joint defense privilege * was not applicable to documents transferred between SoftWIRE and a third party. National Instruments Corporation (National Instruments) opposes. SoftWIRE moves for leave to submit certain documents for in camera review. National Instruments opposes.

SoftWIRE sued National Instruments for a declaratory judgment that it did not infringe National Instruments' patents and that the patents were invalid and unenforceable. During discovery, National Instruments sought documents that were transmitted between SoftWIRE and two nonparties, The MathWorks, Inc. (Math-Works) and Agilent Technologies, Inc. (Agilent). SoftWIRE objected and asserted that the joint defense privilege protected disclosure of the communications.

The district court determined that documents transmitted between SoftWIRE and MathWorks were protected by the joint defense privilege but that documents transmitted between SoftWIRE and Agilent were not protected by the privilege. In order to establish its privilege for the latter documents, the district court stated, SoftWIRE had to show that Agilent faced potential or actual litigation with National Instruments. The only evidence proffered by SoftWIRE was a letter which the dis-

*In re Grand Jury Subpoena,* 274 F.3d 563, 572 (1st Cir.2001). Herein, we use the term joint defense privilege to include both privileges.

trict court characterized as a response to an invitation to do business and a proposal to cross-license patents. According to the district court, the letter did "not indicate that Hewlett Packard/Agilent considered or now considers litigation a potential risk."

SoftWIRE moved for reconsideration, asking, inter alia, that the district court consider additional evidence. The district court denied the motion for reconsideration, determining that SoftWIRE had not shown that some of the additional evidence was relevant to the issue of whether Agilent faced potential litigation and that certain additional evidence would not be considered because it should have been timely submitted when the original motion was under consideration. SoftWIRE petitions for a writ of mandamus, challenging the district court's rulings.

The remedy of mandamus is available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. *In re Calmar, Inc.*, 854 F.2d 461, 464 (Fed.Cir.1988). A party seeking a writ bears the burden of proving that it has no other means of attaining the relief desired, *Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa*, 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989), and that the right to issuance of the writ is "clear and indisputable," *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980).

SoftWIRE has not shown clearly and indisputably that the district court erred in finding that Agilent did not face a threat of litigation based on the single letter. Additionally, SoftWIRE has not shown that clearly and indisputably that the district court abused its discretion in denying reconsideration by, inter alia, refusing to consider evidence that either was not rele-

vant or was not submitted for consideration with the original motion.

Accordingly,

IT IS ORDERED THAT

(1) The petition for a writ of mandamus is denied.

(2) The motion for leave to submit documents for in camera review is denied.