In re SCANTIBODIES CLINICAL LAB-
ORATORY, INC. and Scantibodies
Laboratory, Inc., Petitioners.

MISC. No. 809.

United States Court of Appeals,
Federal Circuit.

Dec. 1, 2005.

Before MAYER, LOURIE, and LINN,
Circuit Judges.

*ORDER*

LOURIE, Circuit Judge.

Scantibodies Clinical Laboratory, Inc. and Scantibodies Laboratory, Inc. (Scantibodies) petition for a writ of mandamus to direct the United States District Court for the Southern District of California to postpone the trial on damages, scheduled to begin on December 5, 2005, until after its appeal on liability is decided.

Nichols Institute Diagnostics, Inc. (Nichols) sued Scantibodies for infringement. Ultimately, after a bench trial, a jury trial, and rulings on postjudgment motions, Nichols' patent was declared not invalid, Scantibodies was found to infringe, and the district court issued a permanent injunction against Scantibodies. Scantibodies appealed and filed a motion to stay the injunction, pending appeal. That motion is pending in *Nichols v. Scantibodies,* 06–1087.* Scantibodies now seeks to have the upcoming damages trial postponed until after 06–1087 is decided.

The traditional use of the writ of mandamus in aid of appellate jurisdiction, *see* 28 U.S.C. § 1651(a), "has been to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *Roche v. Evaporated Milk Ass'n,* 319 U.S. 21, 26, 63 S.Ct. 938, 87 L.Ed. 1185 (1943). A party who seeks a writ bears the burden of proving that it has no other

---

* Scantibodies asked the court to stay the upcoming trial in the context of its motion to stay the injunction in that appeal. The court responded that a request for such relief was in the nature of a mandamus petition. The court added that "while it is common to stay a trial on damages while liability is on appeal, the 'staying of a damages trial is discretionary, not mandatory,'" citing *In re Calmar,* 854 F.2d 461, 463 (Fed.Cir.1988). The court's comment was not an invitation to file a mandamus petition; it was an indication of how the court would view the issue.

means of attaining the relief desired, *Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa*, 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989), and that the right to issuance of the writ is "clear and indisputable." *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980). "Where a matter is committed to discretion, it cannot be said that a litigant's right to a particular result is 'clear and indisputable.'" *Id.* at 36, 101 S.Ct. 188.

Scantibodies argues that scheduling the damages trial should be postponed until after its appeal of the liability judgment is decided because a trial will not be necessary if it prevails. However, as noted in *In re Calmar*, 854 F.2d 461, 463 (1988), staying a damages trial is discretionary, not mandatory. A petitioner cannot show that its right to a writ is "clear and indisputable" when the ruling is committed to discretion. *Allied*, 449 U.S. at 35, 101 S.Ct. 188. *See United States v. Watson*, 66 C.C.P.A. 107, 603 F.2d 192, 196–97 (1979) (that the petitioner may suffer hardship, inconvenience, or an unusually complex trial does not provide a basis for a court exercising its discretion to grant mandamus); *see also Federal Trade Comm'n v. Standard Oil Co.*, 449 U.S. 232, 244, 101 S.Ct. 488, 66 L.Ed.2d 416 (1980) (expenses and burdens of defending action do not constitute irreparable harm).

Accordingly,

IT IS ORDERED THAT:

Scantibodies' petition is denied.