NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

MISCELLANEOUS DOCKET NO. 847

IN RE ADVANCED MICRO DEVICES, INC., SPANSION INC., SPANSION TECHNOLOGY INC., SPANSION LLC, ST MICROELECTRONICS, INC. and ST MICROELECTRONICS N.V.,

Petitioners.

ON PETITION FOR WRIT OF MANDAMUS

Before BRYSON, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and PROST, Circuit Judge.

PROST, Circuit Judge.

O R D E R

Advanced Micro Devices, Inc. et al. (Advanced Micro Devices) petition for a writ of mandamus to direct the United States District Court for the Northern District of California to issue a protective order conditionally staying depositions of its chief executive officers (CEOs).

Tessera, Inc. sued Advanced Micro Devices alleging willful infringement of Tessera's patents as well as breach of various license agreements.  Tessera sought deposition of petitioners' three CEOs.  Advanced Micro Devices sought a protective order, arguing that the CEOs did not possess any unique knowledge pertaining to this matter that could not be discovered by interrogatories or depositions of lower-level employees.  A special master denied their motion.  The district court denied Advanced

Micro Devices' objection to the special master's order. This petition for a writ of mandamus followed.

The remedy of mandamus is available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. In re Calmer, Inc., 854 F.2d 461, 464 (Fed. Cir. 1988). A party seeking a writ bears the burden of proving that it has no other means of attaining the relief desired, Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa, 490 U.S. 296, 309 (1989), and that the right to issuance of the writ is "clear and indisputable." Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980).

Advanced Micro Devices argues that the district court erred in denying its motion for a protective order because the district court did not expressly require Tessera to show that other, less intrusive methods of discovery were exhausted with regard to the sought information.

Because this case involves a procedural issue not unique to patent law, we apply the law of the regional circuit, in this case the Ninth Circuit. See In re Regents of Univ. of Cal., 101 F.3d 1386, 1390 n.2 (Fed. Cir. 1996). Under Ninth Circuit precedent, the decision whether to grant a motion for a protective order is reviewed under the "abuse of discretion" standard. Wharton v. Calderon, 127 F.3d 1201, 1205 (9th Cir. 1997); Shad v. Dean Witter Reynolds, Inc., 799 F.2d 525, 527 (9th Cir. 1986). "Where a matter is committed to [the trial court's] discretion, it cannot be said that a litigant's right to a particular result is 'clear and indisputable.'" Allied Chem., 449 U.S. at 35. Because Advanced Micro Devices challenges the district court's exercise of its discretion, it cannot show that its right to a particular result is clear and indisputable. Id.

Accordingly,

Misc. 847

IT IS ORDERED THAT:

The petition for a writ of mandamus is denied.

FOR THE COURT


    March 27, 2007                         /s/ Sharon Prost
         Date                             Sharon Prost
                                          Circuit Judge

cc:    Michael J. Bettinger, Esq.
       Russell L. Johnson, Esq.

S19

ISSUED AS A MANDATE: _____

Misc. 847