**In re: Joseph CARSON, Petitioner.**

**Misc. No. 862.**

United States Court of Appeals, Federal Circuit.

Jan. 11, 2008.

Joseph P. Carson, pro se.

Before MICHEL, Chief Judge, LOURIE and LINN, Circuit Judges.

PER CURIAM.

### ORDER

Joseph Carson petitions for a writ of mandamus directing the Merit Systems Protection Board to docket his allegation as a new individual right of action (IRA) appeal rather than a petition for enforcement. The Department of Energy and the Merit Systems Protection Board oppose. Carson also moves to file a second supplement to his petition and to file a reply.

On April 10, 2007, Carson filed a complaint with the United States Office of Special Counsel (OSC) alleging that the Department had retaliated against his protected whistleblowing activities. On August 10, 2007, Carson filed a document identified as an appeal with the Board. On August 15, 2007, the Administrative Judge (AJ) issued an acknowledgment order, which construed Carson's document as a petition for enforcement of a previous settlement agreement between Carson and the Department and directed the Department to respond and contact Carson to discuss the possibility of settlement. The AJ's order explained in a footnote that "[t]o the extent that [Carson] is seeking to file a new appeal based upon retaliation for whistleblowing, I note that he has not received a close-out letter from [OSC] and that 120 days have not yet passed; thus a new appeal is not docketed."

On August 30, 2007, Carson moved to docket his case as a new IRA appeal. The next day, his motion was returned. On September 5, 2007, Carson again moved the Board to docket his case as a new IRA appeal or alternatively, to certify an interlocutory appeal to the full Board. On October 5, 2007, Carson filed this petition for writ of mandamus. On November 21, 2007, the AJ issued his initial decision, determining that the petition for enforcement was barred by the doctrine of res judicata. The AJ's decision also denied Carson's motion to docket his case as a new IRA appeal.

The remedy of mandamus is available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. *In re Calmar, Inc.,* 854 F.2d 461, 464 (Fed.Cir.1988). A party seeking a writ bears the burden of proving that it has no other means of attaining the relief desired, *Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa,* 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989), and that the right to issuance of the writ is "clear and indisputable." *Allied Chem. Corp. v. Daiflon, Inc.,* 449 U.S. 33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980).

Carson fails to meet his burden of establishing two requirements for mandamus. First, Carson has not shown that the AJ clearly abused his discretion in refusing to docket the case as a new IRA appeal. Second, Carson has not shown why he could not challenge the determination by seeking review of the AJ's initial decision by the full Board or this court. *See Bankers Life & Casualty Co. v. Holland,* 346 U.S. 379, 383, 74 S.Ct. 145, 98 L.Ed. 106 (1953) (stating "whatever may be done without the writ may not be done with it.").

Accordingly,

IT IS ORDERED THAT:

(1) Carson's petition is denied.

(2) Carson's motions to file a second supplement to his petition and to file a reply are granted.