NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

MISCELLANEOUS DOCKET NO. 921

IN RE KUDCO IRELAND LIMITED and SCHWARZ PHARMA, INC.,

Petitioners.

On petition for writ of mandamus to the United States District Court for the District of New Jersey in consolidated case nos. 04-CV-2355, 05-CV-1966, 05-CV-3920, 06-CV-3672, and 08-CV-2877, Judge Jose L. Linares.

ON PETITION FOR WRIT OF MANDAMUS

Before MICHEL, Chief Judge, LINN and PROST, Circuit Judges.

LINN, Circuit Judge.

## O R D E R

KUDCo Ireland Limited and Schwarz Pharma, Inc. (KUDCo) petition for a writ of mandamus to direct the United States District Court for the District of New Jersey to "immediately adjudicate" their case.

KUDCo and other generic drug manufacturers are defendants in lawsuits filed by Altana Pharma AG and Wyeth in 2004 against three groups of defendants.  The cases were consolidated.  On September 6, 2007, the district court denied the plaintiffs' motion for a preliminary injunction.  According to KUDCo, two defendants, but not KUDCo, thereafter chose to begin selling their products "at risk."  KUDCo sought to establish a prompt trial date, and on December 3, 2009 the district court weighed the concerns about conflicting responsibilities of various counsel and set a trial date of April 5, 2010.  KUDCo states that the trial date is approximately three months before the patent at issue expires and on that basis seeks a more prompt trial.

The remedy of mandamus is available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. In re Calmar, Inc., 854 F.2d 461, 464 (Fed. Cir. 1988). A party seeking a writ bears the burden of proving that its right to issuance of the writ is "clear and indisputable." Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980).

In its petition for a writ of mandamus, KUDCo presents this court with the documents and arguments that it made to the district court and asserts error in the district court's weighing of the various concerns, including KUDCo's asserted right to prompt disposition. The district court's scheduling of trial is a matter entrusted to the district court's discretion and is part of the inherent authority of a court to control the disposition of its cases. See Cherokee Nation of Oklahoma v. United States, 124 F.3d 1413, 1416 (Fed. Cir. 1997) (whether to stay an action is a matter of the trial court's discretion, although such discretion is not without bounds). In the papers submitted, KUDCo has not shown a clear abuse of discretion or that the district court has "obstinately refuse[d]" to adjudicate the matter. Will v. Calvert Fire Ins. Co., 437 U.S. 655, 666-67 (1978) ("Where a district court obstinately refuses to adjudicate a matter properly before it, a court of appeals may issue the writ to correct 'unauthorized action of the district court obstructing the appeal.'").

Accordingly,

IT IS ORDERED THAT:

The petition for a writ of mandamus is denied.

FOR THE COURT

DEC 1 6 2009
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

DEC 1 6 2009

JAN HORBALY
CLERK

cc:   Steven A. Maddox, Esq.
      William J. Heller, Esq.
      Michael E. Patunas, Esq.
      Gregory D. Miller, Esq.
      Clerk, United States District Court, District of New Jersey

s8

Misc. 921                              - 3 -