NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

Miscellaneous Docket No. 915

IN RE PFIZER INC., PFIZER IRELAND PHARMACEUTICALS,
WARNER-LAMBERT COMPANY, and
WARNER-LAMBERT COMPANY LLC,

Petitioners.

On Petition for Writ of Mandamus to the United States District Court for
the District of Delaware in case no. 08-CV-0948,
Judge Legrome D. Davis.

ON PETITION FOR WRIT OF MANDAMUS

Before MAYER, BRYSON, and DYK, Circuit Judges.

DYK, Circuit Judge.

ORDER

Pfizer Inc. et al. (Pfizer) petition for a writ of mandamus directing the United States District Court for the District of Delaware to (1) vacate its order transferring this case to the United States District Court for the Northern District of Illinois and (2) deny Apotex Inc. and Apotex Corp.'s (Apotex) motion to transfer. Apotex opposes. Apotex submits a citation of supplemental authority. Pfizer responds.

Pfizer brought suit in the Delaware District Court against Apotex based on Apotex's filing of an Abbreviated New Drug Application seeking approval from the Food and Drug Administration to manufacture, use, or sell atorvastatin calcium tablets, a generic version of Pfizer's Lipitor tablets. On the same day, Pfizer also filed an identical suit against Apotex in the Illinois District Court. Apotex moved to dismiss the Delaware action due to, inter alia, lack of personal jurisdiction. Alternatively, Apotex moved to transfer the case pursuant to 28 U.S.C. § 1404(a) to the Illinois District Court. The

Delaware District Court granted the motion to transfer. The Delaware District Court ruled that although the plaintiff's choice of forum is generally entitled to paramount consideration, in this case the plaintiff chose both fora. Furthermore, the Delaware District Court ruled that the "first-filed" rule did not apply in this case because "it would be inappropriate to allow a plaintiff to file identical actions in different courts and then pick the court in which it wishes to proceed." Pfizer Inc. v. Apotex Inc., Order Granting Mot. to Transfer at *5-6, No. 08-CV-00948 (D. Del. Aug. 13, 2009) (citation omitted). The Delaware District Court ruled that judicial economy and the interest of justice favored transfer because transferring the case "would obviate a substantial question regarding personal jurisdiction." Id. at *7. The Delaware District Court stated that "substantial, unresolved questions remain with regard to whether this District has personal jurisdiction over Defendant Apotex Inc. . . . . We would not exercise jurisdiction over Defendant Apotex Inc. without jurisdictional discovery." Id. at *8. For these reasons, the Delaware District Court transferred the case to the Illinois District Court.

The writ of mandamus is available in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. In re Calmar, Inc., 854 F.2d 461, 464 (Fed. Cir. 1998). A party seeking a writ bears the burden of proving that it has no other means of obtaining the relief desired, Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa, 490 U.S. 296, 309 (1989), and that the right to issuance of the writ is "clear and indisputable," Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980). Because this petition does not involve substantive issues of patent law, this court applies the law of the regional circuit in which the district court sits, in this case the Third Circuit. Storage Tech. Corp. v. Cisco Sys., Inc., 329 F.3d 823, 836 (Fed. Cir. 2003).

Pfizer seeks a writ of mandamus directing the Delaware District Court to vacate its transfer order and deny the motion to transfer. Pfizer raises three arguments in support of its petition. First, Pfizer argues that the Delaware District Court clearly erred by affording no weight to the plaintiff's "true" choice of forum. Apotex responds that in this case, Pfizer willingly chose to proceed in both fora and thus the Delaware District Court did not disregard Pfizer's choice of forum. Although Pfizer contends that it did not willingly choose to file suit in the Illinois District Court, the court determines that Pfizer has not shown that the Delaware District Court clearly abused its discretion in ruling that Pfizer chose to file in both fora.

Second, Pfizer argues that the Delaware District Court erred by disregarding the first-filed rule. Apotex counters that other courts in the Third Circuit have refused to apply the first-filed rule in circumstances similar to this case, where identical suits are filed in different districts on the same day. See Adams Respiratory Therapeutics, Inc. v. Pharm. Holdings Corp., No. 2:06-CV-04418, Order Denying Pl.'s Mot. to Stay, at *2 (E.D. Pa. Nov. 2, 2006) (ruling that "first-filed" rule did not apply in action where plaintiff filed nearly identical complaint in another court two days earlier). Pfizer cites no case in which a court has applied the first-filed rule in these circumstances, instead generally arguing that the Third Circuit follows the first-filed rule. The court determines that Pfizer has not shown that the Delaware District Court clearly abused its discretion in ruling that the first-filed rule was inapplicable under the circumstances of this case.

Third, Pfizer argues that the Delaware District Court erred in ruling that obviating an unresolved jurisdictional dispute is a sufficient basis for transferring a case. Apotex responds that other courts, including a district court in the Third Circuit, have held that judicial economy is served if transfer would obviate a question of personal jurisdiction.

See Mentor Graphics Corp. v. Quickturn Design Sys., Inc., 77 F. Supp. 2d 505, 512 (D. Del. 1999) (noting that transfer would obviate substantial dispute concerning whether transferor district court could exercise personal jurisdiction over defendant and ruling that judicial economy and interests of justice would be served by transferring case). In this case, the Delaware District Court ruled that "substantial, unresolved questions remain with regard to whether this District has personal jurisdiction over Defendant Apotex Inc." and stated that it would not exercise jurisdiction over Apotex Inc. without jurisdictional discovery. Under these circumstances, we cannot say that the Delaware District Court clearly abused its discretion in ruling that judicial economy and the interest of justice weighed strongly in favor of transfer.

Pfizer has not shown a clear and indisputable right to issuance of a writ of mandamus. Thus, the petition is denied.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

FEB 0 2 2010
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

cc:   Rudolf E. Hutz, Esq.
       William A. Rakoczy, Esq.
       Judge, USDC D. Del.
       Clerk, USDC D. Del.

s17

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

FEB 02 2010

JAN HORBALY
CLERK

Misc. 915                                                     4